642 A.2d 507

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Michael DiMAURO, Appellee.**

Superior Court of Pennsylvania.

Argued March 30, 1994.

Filed May 24, 1994.

Louis G. Stesis, Asst. Dist. Atty., Media, for Com., appellant.

John J. List, Media, for appellee.

Before CAVANAUGH, WIEAND and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

This is the Commonwealth's appeal from the judgment of sentence imposed upon Michael DiMauro.

On February 8, 1992, DiMauro fired several shots at John Peck's truck. While a number of bullets hit the truck, Peck and his three passengers escaped injury. DiMauro pled guilty to four counts of aggravated assault, 18 Pa.C.S.A. § 2702(a)(4), on November 23, 1992. Four concurrent sentences of six months to five years less one day were imposed. He was given 30 days credit for time served in an in-patient treatment program and the remainder of his sentence was to be served at home subject to electronic monitoring.

■ The Commonwealth contends that the imposition of a sentence of home monitoring for the crime of aggravated assault is illegal pursuant to 42 Pa.C.S.A. § 9729(c). We agree. Section 9729 provides:

(a) **General rule.**—The court may, pursuant to section 9763 (relating to sentence of intermediate punishment), sentence an eligible offender to a county intermediate punishment program. . . .

\*　　\*　　\*　　\*　　\*　　\*

(c) **Ineligibility.**—

(1) A person convicted of any of the following offenses shall be ineligible for sentencing under this section:

\*　　\*　　\*　　\*　　\*　　\*

18 Pa.C.S. § 2702 (relating to aggravated assault).

Section 9763 does not specifically define intermediate punishment, but it does provide that electronic monitoring is a permissible condition to impose under intermediate punishment. 42 Pa.C.S.A. § 9763(b)(17). The statute clearly excludes those convicted of aggravated assault from being eligible to receive a sentence of intermediate punishment.

■ DiMauro argues that he was not sentenced under the Intermediate Punishment Act. Appellee's brief at 9–10 (citing N.T. 1/26/93, hearing on motion to modify sentence, at 9 (by the court)). DiMauro contends that the sentencing judge used his discretion under 42 Pa.C.S.A. § 9721 to sentence him to home monitoring as a form of partial confinement. DiMauro argues that the Sentencing Code does not define partial confinement and that home monitoring falls within the scope of partial confinement. We disagree. Section 9755 provides:

> In imposing a sentence involving partial confinement the court shall specify at the time of sentencing ... whether the confinement shall commence in a correctional or other appropriate institution.

42 Pa.C.S.A. § 9755(a) (emphasis added). The statute also outlines the purposes for partial release, such as work release or attending school. *Id.* at § 9755(c). We find the legislature's use of the word institution instructive. Clearly "institution" implies that confinement is to take place somewhere other than in the defendant's home. "When the language of a statute is clear and unambiguous, the judiciary must read its provisions in accordance with their plain meaning and common usage." *Commonwealth v. Bell,* 512 Pa. 334, 339, 516 A.2d 1172, 1175 (1986) (citing 1 Pa.C.S. § 1903(a) (Supp.1986)). Thus, we find the legislature intended one sentenced to partial confinement to be confined in a penal institution with permission to leave the facility to go to work, school or other proper activity. Construing the relevant statutes together, we find that *imposing a sentence of home monitoring upon one convicted of aggravated assault was illegal under the sentencing statute.* Thus, we must vacate and remand for resentencing.

Because we find the sentence imposed illegal under 42 Pa.C.S.A. § 9729(c)(1), we do not need to address the Com-

monwealth's second issue—that the sentencing court abused its discretion in imposing an unreasonable sentence. We respond briefly, however, to a statutory construction argument that DiMauro makes in this portion of his brief.

In ascertaining the intent of the General Assembly in the enactment of a statute, it is presumed that the General Assembly does not intend a result that is absurd or unreasonable. The Commonwealth's suggestion that the Trial Court abused its discretion by imposing a sentence [home monitoring] upon appellee that was more restrictive than another sentence lawfully available to it [probation] is an absurd and unreasonable interpretation of the law and therefore, should be dismissed.

Appellee's brief at 17 (citations omitted). While it may be true that allowing a judge to sentence one convicted of assault to a term of probation but not house arrest is unreasonable, we cannot ignore the plain language of the statute. The legislature has deemed intermediate punishment inappropriate for those convicted of certain crimes, including aggravated assault. If we were to uphold the sentence imposed here, we would effectively write 42 Pa.C.S.A. § 9729(c) out of the statute.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.