COMMONWEALTH of Pennsylvania, Appellant,

v.

Jonathan N. WEGLEY, Appellee.

Superior Court of Pennsylvania.

Argued Oct. 18, 2001.
Filed Feb. 6, 2002.

Christina M. Simpson, Asst. Dist. Atty., Gettysburg, for Commonwealth, appellant.

Jeffery M. Cook, Public Defender, Gettysburg, for appellee.

Before CAVANAUGH, MUSMANNO and OLSZEWSKI, JJ.

CAVANAUGH, J.

¶ 1 The Commonwealth appeals from a pre-trial order which dismissed the charge of escape filed against appellee when he violated the terms of his intermediate punishment by leaving his residence and cutting an electronic monitoring device from his leg. The issue presented is whether appellee was subject to official detention, within the terms of the escape statute, 18 Pa.C.S.A. § 5121, at the time of his alleged actions. We conclude that the conditions to which appellee was subject, i.e., house arrest and electronic monitoring, constitute official detention within the meaning of the offense of escape. We, therefore, reverse the order dismissing the charge.

¶ 2 As related in the lower court's opinion, the factual background is as follows:

On June 10, 1999, Defendant entered pleas of guilty to Forgery in CC–257–99 and CC–457–99. In each case, he was sentenced to 24 months of intermediate punishment (IPP) with at least 9 months in Phase II (house arrest-electronic monitoring).

On February 4, 2000, Defendant was revoked from IPP for the second time and on March 13, 2000, re-sentenced to 48 months IPP with 14 months in Phase I (partial confinement) followed by 6 months in Phase II in each case. The sentences were both effective July 1, 1999.

On September 1, 2000, Defendant entered Phase II and was residing at 1950 Biglerville Road, Adams County, Pennsylvania. It is alleged that the following day, September 2, at 11:15 p.m., Defendant cut the electronic monitoring device off his leg, which triggered an alarm. Approximately two hours later, probation officers and a police officer arrived at Defendant's residence but could not get him to answer the door. On September 5, probation officers returned to Defendant's residence but were still unable to locate him. On September 11, Officer Biggins of the Cumberland Township Police Department filed a criminal complaint charging Defendant with Escape for unlawfully removing himself from house arrest.

Lower Court Opinion, 1–2 (3/26/01).

¶ 3 The relevant statutory provisions pertaining to the crime of escape are as follows:

Escape.—A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

Definition.—As used in this section the phrase "official detention" means arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but the phrase does not include supervision of probation or parole, or constraint incidental to release on bail.

18 Pa.C.S.A. § 5121(a), (e).

¶ 4 The lower court determined that house arrest and electronic monitoring did not fall within the meaning of "official detention." It relied in part upon appellate case law which held that 1) a defendant

was not entitled to credit for time served in a pre-trial house arrest bail program, which included electronic monitoring, since she was not "in custody" within the meaning of 42 Pa.C.S.A. § 9760, *Commonwealth v. Shartle*, 438 Pa.Super. 403, 652 A.2d 874 (1995); 2) electronic home monitoring is not "partial confinement" within the meaning of 42 Pa.C.S.A. § 9755(a), since one's residence is not a "correctional or other appropriate institution," *Commonwealth v. DiMauro*, 434 Pa.Super. 129, 642 A.2d 507 (1994); and 3) a defendant's participation in an electronic monitoring program is not "imprisonment" within the meaning of 75 Pa.C.S.A. § 3731, for purposes of mandatory sentencing under the drunk driving laws, *Commonwealth v. Kriston*, 527 Pa. 90, 588 A.2d 898 (1991). In addition, the lower court examined several decisions from other jurisdictions as to whether one's removing oneself from electronic monitoring constitutes escape.

■■■ ¶ 5 Escape encompasses more than the traditional notion of a prisoner scaling a prison wall. Physical restrictions such as bars, handcuffs, or locked doors are not necessary to establish "official detention." *Commonwealth v. Stewart*, 436 Pa.Super. 626, 648 A.2d 797 (1994); *accord Commonwealth v. Colon*, 719 A.2d 1099 (Pa.Super.1998). Work release programs are a form of official detention for the purpose of the escape statute. *Commonwealth v. Brown*, 261 Pa.Super. 240, 396 A.2d 377 (1978); *accord Commonwealth v. Edwards*, 407 Pa.Super. 178, 595 A.2d 183 (1991). Juveniles who are adjudicated delinquent are in official detention whether housed in a secured facility or one which contains no physical restrictions. *Matter of Welsh*, 327 Pa.Super. 112, 475 A.2d 123 (1984).

¶ 6 The use of electronic home monitoring as an alternative to incarceration in an institutional setting, where such is mandated by statute, has not been accepted.

In the recent decision *Commonwealth v. Chiappini*, 566 Pa. 507, 782 A.2d 490 (2001) (plurality), Justice Zappala's lead opinion failed to obtain the agreement of a majority of the Justices that one's being subjected to a pre-trial home confinement/electronic monitoring program provides sufficient restraints on his liberty to constitute time spent in custody for purposes of § 9760 of the Sentencing Code. *Id.* at 501. Rather, Justices Nigro, Cappy, Castille, and Saylor all expressed the view that the holding of *Shartle, supra,* was persuasive and that the phrase "in custody" refers to an institutional setting. *See Chiappini* at 502–508.

■■■ ¶ 7 However, the fact that electronic monitoring does not satisfy the statutory requirement of confinement in an institutional setting for purposes of 42 Pa.C.S.A. § 9760, *see Shartle, supra,* and that it is not imprisonment within the mandate of 75 Pa.C.S.A. § 3731(e), *see Kriston, supra,* does not require a conclusion that it is not "official detention" within the meaning of the escape statute. As observed by Justice Zappala in *Chiappini,* the terms "imprisonment" and "custody" while synonymous are not identical, since imprisonment is but one form of custody. *Id.* at 500. We find that the term "official detention" is broader yet in that detention may be exercised in the absence of either imprisonment or custody. Lack of physical restrictions does not vitiate the existence of official detention where the restraint on liberty effectively limits a person's ability to come and go freely and to engage in activities outside the confines of a designated place. *Compare Welsh, supra* (delinquent juvenile under official detention at unsecured institutional facility.) When a sentence of intermediate punishment includes a period of house arrest, by official court order the convicted person is detained at home, and the means of ensuring

that detention is electronic monitoring. Breach of these terms of the intermediate punishment sentence by the convicted person results in the unlawful removal of himself from official detention within the meaning of 18 Pa.C.S.A. § 5121(a).

¶ 8 We have surveyed cases from several jurisdictions involving a charge of escape for violation of a sentence of house arrest where the defendant was subject to electronic monitoring. Most of these decisions are of limited utility in our analysis given the differences in language employed in the various escape statutes. *Compare State v. Long*, 82 Ohio App.3d 168, 611 N.E.2d 504 (1992) (noncompliance with terms of electronically monitored house arrest (EMHA) constitutes escape where statute defines "detention facility" as any place used for the confinement of a person convicted of a crime; home becomes a detention facility for persons on EMHA.); *State v. Martinez*, 125 N.M. 83, 957 P.2d 68, 69–70 (Ct.App.1998) (collecting cases) (where escape statute defines offense as "escape from jail", and no other forms of commitment, evidence of removal of electronic monitoring device is insufficient to convict since defendant was under no obligation to report to jail.)

¶ 9 The most nearly analogous case is *State v. Kyc*, 261 N.J.Super. 104, 617 A.2d 1245 (App.Div.1992). The New Jersey escape statute is based upon the Model Penal Code, as is Pennsylvania's statute. In holding that "official detention" included participation in the Home Confinement Program (HCP), essentially house arrest and electronic monitoring, the court distinguished *State v. Clay*, 230 N.J.Super. 509, 553 A.2d 1356 (App.Div.1989), *affirmed*, 118 N.J. 251, 571 A.2d 295 (1990), relied upon by the lower court in the instant matter. In *Clay* the court held that one who absconded under a different alternative-to-incarceration program, Intensive Supervision Program (ISP), while on parole and subject to electronic monitoring, was not in "official detention." In response to the *Clay* decision, the legislation was amended in 1991 to add the offense of "absconding from parole" to the escape statute, N.J.S.A. 2C:29–5b. *Kyc*, 617 A.2d at 1247. In light of the legislature's criminalization of the conduct involved in *Clay*, the *Kyc* court did not find the *Clay* holding binding.

¶ 10 In *Kyc* the court ruled that a person who, though not yet eligible for parole, was released from prison pursuant to HCP could be charged with escape after he failed to comply with the program's curfew and reporting terms. It held that preparole HCP participants were in fact inmates. They were subject to electronic monitoring, were confined to an approved residence, and were limited to engaging in pre-approved constructive activities.

¶ 11 We find the reasoning of *Kyc* persuasive. The elements of HCP are substantially similar to the restrictions imposed pursuant to the intermediate punishment program in the instant case. We hold that a person sentenced to intermediate punishment who fails to comply with the terms pertaining to confinement in one's residence and to electronic monitoring, 42 Pa.C.S.A. § 9763(b)(16), (17), may be subject to the charge of escape under 18 Pa.C.S.A. § 5121.

¶ 12 Order reversed. Case remanded. Jurisdiction is relinquished.