COMMONWEALTH of Pennsylvania, Appellant,

v.

**Kazimierz AREST, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1998.

Filed July 8, 1999.

---

9. *See* Trial Ct. Op. at 7–16.

William G. Young, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Richard A. Gutman, Philadelphia, for appellee.

Before McEWEN, President Judge, and CAVANAUGH, DEL SOLE, KELLY, EAKIN, JOYCE, STEVENS, SCHILLER and LALLY–GREEN, JJ.

KELLY, J.:

¶ 1 In this appeal, the Commonwealth asks us to determine whether Appellee Kazimierz Arest's sentence for a second conviction for driving under the influence of alcohol ("DUI")[1] is illegal. Specifically, we must decide whether the sentence is illegal where Appellee was sentenced to house arrest, without drug and alcohol treatment. We hold that the sentence as imposed is illegal because it did not include a drug and alcohol treatment component as mandated by statute. Accordingly, we vacate the judgment of sentence and remand for re-sentencing consistent with 75 Pa.C.S.A. § 3731(e)(1)(ii) and this opinion.

¶ 2 The relevant facts and procedural history of this appeal are as follows. On October 3, 1996, Appellee was tried and convicted in Philadelphia County Municipal Court of DUI. This was Appellee's second DUI conviction. The Philadelphia

1. 75 Pa.C.S.A. § 3731(e).

Municipal Court sentenced Appellee to thirty days to one-year house arrest with electronic monitoring, a fine, and ordered Appellee to pay restitution. The Commonwealth appealed to the Philadelphia County Court of Common Pleas, arguing that the sentence was illegal because it violated specific sentencing provisions of both the Pennsylvania Sentencing Code and was not in compliance with Philadelphia County's Intermediate Punishment Plan. On March 17, 1997, the Court of Common Pleas affirmed the judgment of sentence. The Commonwealth filed a timely notice of appeal on April 16, 1997.

¶ 3 Following appellate argument, a three-judge panel of this Court filed an opinion on May 27, 1998. Thereafter, the Commonwealth filed a motion for re-argument. On August 4, 1998, we granted the Commonwealth's motion for re-argument *en banc* and the original panel opinion was withdrawn.

¶ 4 The Commonwealth raises the following issue on appeal:

DID THE [TRIAL] COURT ERR IN AFFIRMING THE MUNICIPAL COURT ORDER, WHICH IMPOSED AN ILLEGAL SENTENCE OF INTERMEDIATE PUNISHMENT (HOUSE ARREST) FOR APPELLEE'S SECOND CONVICTION OF DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL, WHERE SUCH SENTENCE WAS IN DIRECT CONTRAVENTION OF THE PROVISIONS OF THE SENTENCING CODE SET FORTH AT 42 Pa.C.S. §§ 9729(a) and 9763(c)?

(Commonwealth's Brief at 4).

¶ 5 The Commonwealth contends that under 42 Pa.C.S.A. § 9763(c), a sentence of intermediate punishment in the form of house arrest must include a drug and alcohol treatment component. The Commonwealth argues that Appellee's sentence to intermediate punishment in the form of house arrest without drug and alcohol treatment is illegal.[2] The Commonwealth also maintains that the sentence was improper because it was not pursuant to an approved county intermediate punishment program as required by 42 Pa.C.S.A. § 9729(a). We agree.

¶ 6 Generally, sentencing is a matter vested in the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Commonwealth v. Campion*, 449 Pa.Super. 9, 672 A.2d 1328, 1333–1334 (1996), *appeal denied*, 545 Pa. 668, 681 A.2d 1340 (1996) (citing *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Meo*, 362 Pa.Super. 328, 524 A.2d 902 (1987), *appeal denied*, 516 Pa. 632, 533 A.2d 91 (1987)). Although vested with great discretion, the sentencing court's options are not unlimited. *Thier, supra.* The court must exercise its sentencing discretion in accordance with the applicable provisions of the Sentencing Code. *Commonwealth v. Childs*, 445 Pa.Super. 32, 664 A.2d 994, 996 (1995), *appeal denied*, 544 Pa. 601, 674 A.2d 1066 (1996).

¶ 7 If no statutory authorization exists for a particular sentence, then that sentence is illegal and subject to correction. *Thier, supra.* An illegal sentence must be vacated. *Commonwealth v. Kratzer*, 442 Pa.Super. 514, 660 A.2d 102, 104 (1995), *appeal denied*, 543 Pa. 702, 670 A.2d 643

**2.** Appellee argues that this appeal is a challenge to the discretionary aspects of his sentence. Under Pennsylvania law, a challenge to the validity of a sentence is a challenge to its legality. *Commonwealth v. Isabell*, 503 Pa. 2, 467 A.2d 1287 (1983); *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235 (1994), *appeal granted*, 540 Pa. 648, 659 A.2d 986 (1995), *appeal dismissed as improvidently granted*, 544 Pa. 183, 675 A.2d 711 (1996). If a court does not possess statutory authorization to impose a particular sentence, then the sentence is illegal and must be vacated. *Commonwealth v. Thier*, 444 Pa.Super. 78, 663 A.2d 225, 229 (1995), *appeal denied*, 543 Pa. 703, 670 A.2d 643 (1996). Accordingly, the Commonwealth correctly framed its issue as a challenge to the legality of Appellee's sentence.

(1996) (citing *Commonwealth v. Lee*, 432 Pa.Super. 414, 638 A.2d 1006 (1994)).

¶ 8 Section 9721 of the Pennsylvania Sentencing Code sets forth general sentencing alternatives and provides in pertinent part:

### § 9721. Sentencing generally

(a) **General rule.**—In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further

penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

(6) Intermediate Punishment.

(a.1) **Exception.**—Unless specifically authorized under section 9763 (relating to intermediate punishment), subsection (a) shall not apply where a mandatory minimum sentence is otherwise provided by law.

42 Pa.C.S.A. § 9721(a), (a.1). Notwithstanding the mandatory sentencing under 75 Pa.C.S.A. § 3731(e) for DUI convictions, 42 Pa.C.S.A. § 9763(c) permits a sentence of intermediate punishment for DUI convictions as follows:

### § 9763. Sentence of intermediate punishment

(c) **Restriction.**—A defendant convicted under 75 Pa.C.S. § 3731(e) (relating to driving under influence of alcohol or controlled substance) may only be sentenced to intermediate punishment:

(1) in a residential inpatient program or in a residential rehabilitative center; or

(2) **by house arrest or electronic surveillance combined with drug and alcohol treatment.**

■ 42 Pa.C.S.A. § 9763(c) (emphasis added). Thus, Section 9763(c)(2) mandates drug and alcohol treatment whenever a defendant is convicted of DUI and sentenced to intermediate punishment in the form of house arrest or electronic surveillance. 42 Pa.C.S.A. § 9763(c)(2). Accordingly, Appellee's sentence of intermediate punishment in the form of house arrest **without** a drug and alcohol treatment component was illegal because it is in direct violation of the express requirements of 42 Pa.C.S.A. § 9763(c)(2).[3]

¶ 9 Moreover, the Pennsylvania County Intermediate Punishment Act empowers each county to establish an intermediate punishment program. *See* 61 P.S. §§ 1101–1114.[4] To establish an intermediate punishment program, the county Prison Board or, in first and second class counties, the Criminal Justice Coordinat-

---

**3.** Appellee asserts that the sentencing court acted within its discretion when it sentenced Appellee to house arrest without drug and alcohol treatment because the court decided that Appellee would not benefit from such treatment. The fact that the court may have believed Appellee would *not benefit from this* treatment does not alter the legislative mandate that house arrest for a DUI conviction must be accompanied by drug and alcohol treatment. *See* 42 Pa.C.S.A. § 9763(c)(2). Thus, the court did not have the discretion to sentence Appellee to house arrest without the requisite drug and alcohol treatment component.

**4.** **§ 1104. County intermediate punishment program**

**(a) Description.**—County intermediate punishment program options include all of the following:

(1) Noncustodial programs which involve close supervision, but not housing, of the offender in a facility, including, but not limited to:

(i) Intensive probation supervision.

(ii) Victim *restitution or mediation.*

(iii) Alcohol or drug outpatient treatment.

(iv) House arrest and electronic monitoring.

(v) Psychiatric counseling.

(vi) Community service.

61 P.S. § 1104(a).

ing Commission, is required to submit a county intermediate punishment plan to the Pennsylvania Commission on Crime and Delinquency ("Commission") on an annual basis. *See* 61 P.S. §§ 1102, 1105, and 1106. The Commission's approval of the county's intermediate punishment plan acts as the grant of sentencing authority. *See* 61 P.S. §§ 1102, 1105, 1106, and 1107; *see also* 42 Pa.C.S.A. § 9729(a). A court's authority to sentence a defendant to intermediate punishment is specifically governed and limited by Section 9729(a) of the Sentencing Code, which provides:

§ 9729. **Intermediate punishment**

(a) **General Rule.**—The court may, pursuant to section 9763 (relating to sentence of intermediate punishment), sentence an **eligible** offender to a county intermediate punishment program.... **The court shall not have the authority to sentence an offender under this section unless the county has established an intermediate punishment program which has been approved by the Pennsylvania Commission on Crime and Delinquency....**

42 Pa.C.S.A. § 9729(a) (emphasis added). In effect, this statute restricts the court's authority to sentence an offender to intermediate punishment. In accord with section 9729(a), the court may not sentence an offender to intermediate punishment unless the sentence is pursuant to a county intermediate punishment program that has been approved by the Pennsylvania Commission on Crime and Delinquency and the offender is eligible for the program.[5] *Id.*

¶ 10 At the time of Appellee's sentencing, Philadelphia County had an approved Intermediate Punishment Program in place, pursuant to the 1996–1997 City of Philadelphia Intermediate Punishment Plan. (*See* 1996–1997 City of Philadelphia

Intermediate Punishment Plan; R.R. at A11–A38). Philadelphia County's 1996–1997 Intermediate Punishment Program had two components: (1) the Restrictive Intermediate Punishment Program; and (2) the Intermediate Punishment Community Service Program. (*Id.* at 15; R.R. at A27). The Restrictive Intermediate Punishment Program contained four options:

1. Inpatient Drug and Alcohol Treatment;

2. **House Arrest with Electronic Monitoring (for offenders not requiring substance abuse treatment);**

3. Intensive Outpatient Treatment with Electronic Monitoring; and

4. Regular Outpatient Treatment with Electronic Monitoring.

(*Id.* at 15; R.R. at 15) (emphasis added). Philadelphia County's approved 1996–1997 Intermediate Punishment Program provided the option of house arrest with electronic monitoring but not for offenders who require drug and alcohol treatment. 42 Pa.C.S.A. § 9763(c)(2), however, makes clear that a defendant convicted of DUI can only be sentenced to an intermediate punishment program in the form of house arrest **if it is combined with drug and alcohol treatment.**

■ ¶ 11 The juxtaposition of the options available within Philadelphia County's approved 1996–1997 Intermediate Punishment Program and the requirements of 42 Pa.C.S.A. § 9763(c)(2) makes clear that the option of intermediate punishment in the form of house arrest is not available to DUI offenders in Philadelphia County. Philadelphia County's approved Intermediate Punishment Program simply does not provide for house arrest for offenders like Appellee, who are also required, under 42 Pa.C.S.A. § 9763(c)(2), to participate in a drug and alcohol treatment program.[6]

---

5. The Pennsylvania County Intermediate Punishment Act also states that there is no enforceable right to participate in an intermediate punishment program in lieu of incarceration. *See* 61 P.S. § 1114.

6. The record also establishes that Appellee did not undergo any process to determine his eligibility for the county intermediate punishment program. *See* 42 Pa.C.S.A. § 9729(a)

Thus, we conclude that Appellee's sentence violates 42 Pa.C.S.A. § 9729(a) as well.

¶ 12 Based upon the foregoing analysis, we hold that Appellee's sentence is illegal because the sentence violated 42 Pa.C.S.A. § 9763(c)(2), where Appellee's sentence lacked the requisite drug and alcohol treatment component mandated by statute. Moreover, the intermediate punishment sentence alternative under Section 9763(c)(2), house arrest with drug and alcohol treatment, was not an available option under Philadelphia County's approved intermediate punishment program. Thus, Appellee's sentence is also improper under 42 Pa.C.S.A. § 9729(a). Accordingly, we vacate the judgment of sentence and remand for re-sentencing consistent with 75 Pa.C.S.A § 3731(e)(1)(ii) and this opinion.

¶ 13 Judgment of sentence vacated; case remanded for re-sentencing; jurisdiction relinquished.

(setting forth intermediate punishment as a sentencing alternative for eligible offenders).