COMMONWEALTH of Pennsylvania,
Appellee

v.

Laura L. SARAPA, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 16, 2010.

Filed Jan. 24, 2011.

Adam J. Belletti, Waynesburg, for appellant.

Brianna C. Vanata, Assistant District Attorney, Waynesburg, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., BOWES, and FREEDBERG, JJ.

OPINION BY BOWES, J.:

Laura L. Sarapa appeals from the judgment of sentence of ninety days to twenty-three and one-half months imprisonment imposed by the trial court following her guilty plea to driving under the influence ("DUI")—highest rate and DUI—general impairment. After careful review, we vacate the judgment of sentence and remand for re-sentencing.

The salient facts underlying this appeal are as follows. Appellant, on October 12, 2008, was involved in a motor vehicle accident on State Route 2017 in Greene County, Pennsylvania. As a result of the accident, both Appellant and her passenger suffered severe injuries. At the time of the incident, Appellant's blood alcohol content was .264%. Accordingly, Appellant pled guilty to DUI—highest rate and DUI—general impairment and a pre-sentence investigation was conducted. After reviewing the pre-sentence report, the trial court acknowledged that while Appellant was eligible for county intermediate punishment based upon the statutory requirements, pursuant to Greene County policy, all DUI offenders were ineligible for the intermediate punishment program ("IPP"). Thus, the trial court sentenced Appellant

to a term of incarceration of 90 days to twenty-three and one-half months since it was Appellant's second DUI conviction within ten years. Thereafter, Appellant filed a timely notice of appeal, and the trial court directed that she file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied and the trial court authored a Pa.R.A.P. 1925(a) opinion. She now raises the following issue on appeal.

A. When determining the eligibility of a person convicted of an offense who would otherwise be sentenced to a county correctional facility, who is determined to be an eligible offender under the provisions of 42 Pa.C.S. § 9802, is the Sentencing Court bound by restrictions on the eligibility of offenders created by their particular County's Intermediate Punishment Program?

Appellant's brief at 4.

Preliminarily, the Commonwealth submits that Appellant's issue raises a claim regarding the discretionary aspects of sentencing and therefore Appellant has waived her position due to her failure to comply with Pa.R.A.P. 2119(f) and its objection to that failure. *See Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). It is well settled that "[w]hen a challenge to the discretionary aspect of a sentence is raised, an appellant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm. Pa. R.A.P. 2119(f)." *Commonwealth v.*

*Crump*, 995 A.2d 1280, 1282 (Pa.Super.2010).

Initially, we note that Appellant properly preserved the issue by arguing it during the sentencing proceedings and in her supplemental concise statement of reasons relied upon for allowance of appeal. Furthermore, we disagree with the Commonwealth that the issue presented is related to the discretionary aspects of sentencing and that Pa.R.A.P. 2119(f) is implicated. The claim herein involves an attack on both the county's authority to restrict eligibility for county intermediate punishment and the trial court's power to sentence a defendant to intermediate punishment. The trial court itself held that it had no discretion as to whether it could sentence Appellant to IPP due to the county's policy. Similarly, the Commonwealth argued before the trial court that the court did not have discretion to sentence Appellant to an IPP sentence.

Moreover, a claim that the court committed an error of law and misinterpreted the County Intermediate Punishment Act ("Act"), 42 Pa.C.S. § 9801 *et seq.*, does not involve a discretionary decision made by the sentencing court.[1] Hence, Appellant is not challenging a discretionary aspect of sentencing. Appellant's issue is one involving statutory interpretation and presents a pure question of law, *i.e.*, whether a county can restrict eligibility to its intermediate punishment program when the legislature has expressly defined eligible offenders and granted counties limited but specific powers respecting intermediate punishment. Thus, our standard of review is *de novo* and our scope of review is

---

1. Although Appellant is not contesting a discretionary aspect of her sentence, neither is she asserting a legality of sentence question since the court had the authority to impose the sentence given. *See generally Common-*

*wealth v. Archer*, 722 A.2d 203, 209 (Pa.Super.1998) (*en banc*) (discussing distinction between a legal question and a legality of sentence claim).

plenary. *Commonwealth v. Arroyo,* 991 A.2d 951, 955 n. 2 (Pa.Super.2010).

■ Appellant contends that the provision of the Greene County Intermediate Punishment Program plan that precludes all defendants convicted of DUI from being eligible for IPP in that county is violative of applicable statutory law and usurps the General Assembly's authority to define eligible offenders. Specifically, Appellant argues that both the Sentencing Guidelines and 42 Pa.C.S. § 9802 delineate which DUI offenders are eligible for IPP. According to Appellant, "A plain reading of these statutes which define eligibility shows a conspicuous absence of language granting the ability to restrict eligibility of offenders to county prison boards or boards of commissioners." Appellant's brief at 9. In sum, Appellant avers that a county does not have authority, beyond that conferred by statute, to restrict access to IPP, and the trial court herein had the ability to sentence her to an IPP sentence regardless of the county policy prohibiting DUI offenders from seeking the benefit of the program.

The Commonwealth counters that each county has discretion to establish its own county intermediate punishment plan and construct its own eligibility requirements. Since Greene County prohibits DUI offenders from entering its program, and the Pennsylvania Commission on Crime and Delinquency approved that plan, the Commonwealth reasons that the court did not commit an error of law in refusing to sentence Appellant to IPP. In support of its position, the Commonwealth cites *Commonwealth v. Williams,* 941 A.2d 14 (Pa.Super.2008) *(en banc)* and *Commonwealth v. Arest,* 734 A.2d 910 (Pa.Super.1999) *(en banc).*

In *Williams,* the defendant was convicted of her second DUI and the trial court sentenced her to thirty days incarceration followed by five months probation under the Mercer County IPP. She appealed the denial of a suppression motion and a panel of this Court *sua sponte* requested *en banc* review to decide whether the mandatory sentences for DUI precluded the trial court from imposing an IPP sentence. The *Williams* Court held that a trial court has discretion to sentence a defendant to IPP for a second DUI conviction if the county has a qualified IPP plan and the defendant is an eligible offender as defined by the Act, despite statutory law providing a mandatory minimum sentence for repeat DUI offenders. The *Williams* decision did not state that a county could alter the eligibility requirements set forth by statute. In fact, eligibility was expressly considered to be defined by the Act.

In *Arest,* the Philadelphia Municipal Court sentenced the defendant to an intermediate punishment sentence of thirty days to one year house arrest without drug and alcohol treatment for a second DUI conviction. The Commonwealth appealed to the Court of Common Pleas asserting that Arest's sentence was illegal because the Sentencing Code made drug and alcohol treatment mandatory for the defendant therein, and the sentence did not comply with Philadelphia County's intermediate punishment plan. The trial court affirmed the municipal court and the Commonwealth timely appealed.

This Court in *Arest* concluded that an IPP sentence of house arrest for DUI that did not include drug and alcohol treatment was an illegal sentence because it violated the express terms of 42 Pa.C.S. § 9763(c). The *Arest* Court also held that Philadelphia County's IPP plan did not allow for an IPP sentence of house arrest for a person in need of drug and alcohol treatment and therefore the sentence was illegal on that basis. At the time of Arest's sentence, Philadelphia County's IPP plan

contained two options: (1) a restrictive intermediate punishment program; and (2) and intermediate punishment community service program. The restrictive IPP only provided for house arrest for offenders who were not in need of substance abuse treatment, although it also allowed for inpatient drug and alcohol treatment, intensive outpatient treatment with electronic monitoring, or regular outpatient treatment and electronic monitoring. Thus, DUI defendants could be sentenced to IPP.

The county IPP plan in *Arest* did not alter the eligibility requirements of defendants. Instead, it delineated several options to qualified defendants. Although we opined that, "the option of intermediate punishment in the form of house arrest is not available to DUI offenders in Philadelphia County[,]" because "Philadelphia County's approved Intermediate Punishment Program simply does not provide for house arrest[,]" this Court did not hold that a county plan could bar an otherwise eligible offender from IPP. *Arest, supra* at 914.

Simply put, *Arest* permitted a county to restrict access to one type of intermediate punishment; it did not eliminate the eligibility of all DUI offenders. Hence, both *Williams* and *Arest* are distinguishable from the instant case.[2] Indeed, Appellant's issue is a matter of first impression. Nonetheless, we are guided by well settled precedent in determining the appropriate interpretation of the applicable statutory law.

Our task in construing a statute is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions. When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

*Commonwealth v. Mohamud,* 15 A.3d 80, 85–86. (internal quotations and citations omitted).

Before examining the merits of both Appellant's and the Commonwealth's remaining arguments, we believe it is helpful to provide some general background information on intermediate punishment and the statute that governs such programs. Our General Assembly, in passing legislation enabling the creation of county intermediate punishment programs, intended to create a means of protecting society while at the same time promoting efficiency and economy in providing corrections services. 42 Pa.C.S. § 9803(1). Further, the legislature aimed "[t]o promote accountability of offenders to their local community." 42 Pa.C.S. § 9803(2). The General Assembly also stated that the purpose behind the Act was to both "fill gaps in local correctional systems and address local needs through expansion of punishment and services available to the court[,]" and "provide opportunities for offenders who demonstrate special needs to receive services which enhance their ability to become contributing members of the community." 42 Pa.C.S. § 9803(3)(4).

In constructing the Act, the legislature expressly delineated the types of programs that could be made available to eligible offenders and specifically defined an eligible offender. According to the statute, IPP options include restrictive intermediate punishment ("RIP"), which is designed to provide strict supervision that could either "(i) house the offender full or part

---

**2.** This Court remains cognizant that the Act has been amended since the decision in *Arest* and was amended after the defendant was convicted in *Williams,* but prior to the decision being filed.

time; (ii) significantly restrict the offender's movement and monitor the offender's compliance with the program; or (iii) involve a combination of programs that meet the standards set forth under subparagraphs (i) and (ii)." 42 Pa.C.S. 9804(a)(1). Additionally, restorative sanctions, commonly known as probation, could be "utilized in combination with restrictive intermediate punishments[.]" 42 Pa.C.S. § 9804(a)(2).

The General Assembly defined an eligible offender as follows:

"Eligible offender." Subject to section 9721(a.1) (relating to sentencing generally), a person convicted of an offense who would otherwise be sentenced to a county correctional facility, who does not demonstrate a present or past pattern of violent behavior and who would otherwise be sentenced to partial confinement pursuant to section 9724 (relating to partial confinement) or total confinement pursuant to section 9725 (relating to total confinement). The term does not include an offender with a current conviction or a prior conviction within the past ten years for any of the following offenses:

18 Pa.C.S. § 2502 (relating to murder).

18 Pa.C.S. § 2503 (relating to voluntary manslaughter).

18 Pa.C.S. § 2702 (relating to aggravated assault).

18 Pa.C.S. § 2703 (relating to assault by prisoner).

18 Pa.C.S. § 2704 (relating to assault by life prisoner).

18 Pa.C.S. § 2901 (relating to kidnapping).

18 Pa.C.S. § 3121 (relating to rape).

18 Pa.C.S. § 3122.1 (relating to statutory sexual assault).

18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse).

18 Pa.C.S. § 3124.1 (relating to sexual assault).

18 Pa.C.S. § 3125 (relating to aggravated indecent assault).

18 Pa.C.S. § 3126 (relating to indecent assault).

18 Pa.C.S. § 3301 (relating to arson and related offenses).

18 Pa.C.S. § 3502 (relating to burglary) when graded as a felony of the first degree.

18 Pa.C.S. § 3701 (relating to robbery).

18 Pa.C.S. § 3923 (relating to theft by extortion).

18 Pa.C.S. § 4302 (relating to incest).

18 Pa.C.S. § 5121 (relating to escape).

42 Pa.C.S. § 9802; *see also* 37 Pa.Code § 451.2. Conspicuously absent from the list of disqualifying enumerated crimes is DUI. Furthermore, Section 9804 also specifically discusses DUI offenders, stating that they are eligible for IPP if it is their first, second, or third offense. 42 Pa.C.S. § 9804(b)(5); *see also* 42 Pa.C.S. § 9763(c). Of course, the defendant must first undergo a drug and alcohol evaluation. 42 Pa. C.S. § 9804(b)(4)(i); 42 Pa.C.S. § 9763(c)(1). Where the defendant is deemed to be in need of such treatment, the IPP sentence must include participation in a drug and alcohol program. 42 Pa.C.S. § 9804(b)(4)(ii); 42 Pa.C.S. § 9763(c)(2). In accordance with the Act, the Sentencing Guidelines also provide that DUI offenders are eligible for IPP. 204 Pa.Code § 303.12(a)(3)(4)(v)(6).[3]

---

**3.** 204 Pa.Code § 303.12(a)(3) reads in relevant part:

[S]pecific county intermediate punishment programs have been identified in legislation

(42 Pa.C.S. §§ 9763(c) and 9804(b)) and regulation (37 Pa.Code § 451.52) as authorized sentences for convictions relating to Operating a Watercraft Under the Influence

Therefore, it is evident that the legislature intended county intermediate punishment to apply to DUI offenders.

This observation, however, does not end our inquiry since the Act also confers certain powers to the respective counties. Counties utilizing intermediate punishment are required to have an approved IPP plan, which is filed with the Pennsylvania Commission on Crime and Delinquency.[4] *See* 204 Pa.Code § 303.12(a). The plan must include all of the county's programs, both RIP and probation services, and be updated annually. *See* 42 Pa.C.S. § 9805(d)(8); 42 Pa.C.S. § 9806(a). A county IPP plan is designed to advise the courts of the availability of such programs and provide information regarding county intermediate punishment classifications. 204 Pa.Code § 303.12(a)(2). These classifications are RIP, restorative sanctions, and qualified RIP. Qualified RIP is expressly intended for persons convicted of DUI. 204 Pa.Code § 303.12(a)(3)(6); *see* footnote 1 *supra.*

A county prison board or the Criminal Justice Coordinating Commission is tasked with developing and submitting an IPP plan. 42 Pa.C.S. § 9805(a). Where the county is of the sixth, seventh or eighth class and does not have a prison board, the president judge of the county, the district attorney, the sheriff, the controller and the county commissioner[s] are charged with designing the plan. 42 Pa.C.S. § 9805(c). The board's powers are limited by statute accordingly:

**(d) Powers and duties.**—A board has the following powers and duties:

(1) To assess available countywide correctional services and future needs.

(2) To work with the county office of probation and parole in developing the county intermediate punishment plan.

(3) To adopt a county intermediate punishment plan, including program polices for administration.

(4) To make recommendations to the board of county commissioners, or chief executive officer in counties of the first class, on contracts with private providers or nonprofit agencies for the provision of intermediate punishment programs.

(5) To monitor the effectiveness of county correctional services and identify needed modifications.

(6) To make recommendations to the board of county commissioners, or chief

---

of Alcohol or a Controlled Substance, Driving While Operating Privilege is Suspended or Revoked, Driving Under the Influence of Alcohol or Controlled Substance and Illegally Operating a Motor Vehicle Not Equipped with Ignition Interlock; the Commission has classified these programs as Qualified Restrictive Intermediate Punishments.

Similarly, 204 Pa.Code § 303.12(a)(4)(v) states, "The court may impose a Qualified Restrictive Intermediate Punishment in lieu of incarceration for certain convictions under 75 Pa.C.S. § 3802 (relating to Driving Under the Influence of Alcohol or Controlled Substance)." Lastly, 204 Pa.Code § 303.12(a)(6) provides in pertinent part:

(6) *Qualified Restrictive Intermediate Punishments.* In accordance with 42 Pa.C.S.

§§ 9763(c), 9804(b) and 37 Pa.Code § 451, Qualified Restrictive Intermediate Punishment programs may be used to satisfy the mandatory minimum sentencing requirements of certain convictions under 30 Pa. C.S. § 5502(c.1) for a first, second or third offense under 30 Pa.C.S. § 5502, 75 Pa.C.S. § 1543(b), former 75 Pa.C.S. § 3731, 75 Pa.C.S. § 3804 for a first, second or third offense under 75 Pa.C.S. Chapter 38, or 75 Pa.C.S. § 3808(a)(2) (Illegally Operating a Motor Vehicle Not Equipped with Ignition Interlock).

4. The Act defines a county intermediate punishment plan as "A document which describes a proposed intermediate punishment program." 42 Pa.C.S. § 9802.

executive officer in counties of the first class, regarding the purchase, lease or transfer of lands, buildings and equipment necessary to carry out the intermediate punishment plan.

(7) To designate the appropriate county office to maintain a case record for each individual admitted to a county intermediate punishment program within the county.

(8) To make an annual report on the program to the governing body of the county, the Pennsylvania Commission on Sentencing and the commission.

(9) To develop the county intermediate punishment plan under section 9806 (relating to county intermediate punishment plan).

42 Pa.C.S. § 9805(d) (citation omitted). A plain reading of the statute establishes that a county does not have the authority to redefine eligible offenders and restrict access to IPP by removing an entire class of defendants from eligibility. Moreover, the Act does not confer counties with this power in the section detailing the requirements of a county intermediate punishment plan. *See* 42 Pa.C.S. § 9806;[5] 37 Pa.Code 451.33. Hence, the Greene County IPP policy prohibiting all DUI offenders from being eligible for IPP is both inconsistent with the Act and intrudes upon the trial court's sentencing authority.

In *Commonwealth v. Syno*, 791 A.2d 363, 366 (Pa.Super.2002), this Court held that the Act did not state that a county probation department could determine IPP eligibility. Therein, the defendant pled guilty to possession of heroin. Subsequently, the trial court sentenced him to a period of 90 days incarceration and a two year IPP sentence. The Commonwealth objected to the IPP sentence because the Luzerne County Adult Probation Department denied the defendant's application for entry into the program. We opined that the definition of eligible offenders was expressly set forth by the Act and that there was no provision in the Act that granted a probation department authority

5. **§ 9806. County intermediate punishment plan**

(a) **Requirement.**—The board may develop a plan for the implementation and operation of intermediate punishment programs in the county. The plan shall provide for all of the following:

(1) An assessment of available countywide correctional services and future needs.

(2) A review of current sentencing procedures and the impact these procedures have on county correctional resources.

(3) A review of current alternatives to pre-trial detention and the potential these programs have for affecting the jail population.

(4) A description of the existing resources in the county which can be used as intermediate punishments or services to offenders sentenced to intermediate punishment.

(5) The formulation of policy statements targeted to the needs identified by the county and the impact these policies will have on the use of confinement and intermediate punishment.

(6) The development of goals and objectives which are aimed at effective utilization of existing and projected correctional resources.

(7) The development of an evaluation strategy which measures the qualitative and quantitative performances of all programs.

(b) **Technical assistance.**—The commission shall provide technical assistance to develop community corrections plans.

(c) **Review and approval.**—The plan shall be submitted to the commission for review and approval in the format designated by the commission. The commission shall complete its review within 90 days of submission. Failure to disapprove or recommend amendment within 90 days shall constitute approval.

(d) **Formal submission.**—The plan and any proposed changes thereto shall be submitted on an annual basis.

to deny an alternative sentence.[6]

In the case *sub judice,* the Act does not empower a county to redefine an eligible offender and bar an entire class of defendants from IPP. Nor does the Act grant a county the ability to deny the sentencing court the authority to sentence an otherwise eligible defendant to a qualified IPP.[7] Certainly, one of the principal purposes behind the Act was to target drug and alcohol offenders and provide a means of rehabilitating those offenders while at the same time alleviating prison population issues. To permit a county to preclude all DUI offenders from a program that the legislature specifically created with such defendants in mind would contravene the purpose of that legislation. Moreover, local ordinances and local rules are subordinate to legislative enactments. *See Commonwealth v. Bryant,* 341 Pa.Super. 123, 491 A.2d 181, 186 n. 2 (1985) (citing *Turner v. May Corp.,* 285 Pa.Super. 241, 427 A.2d 203, 204 n. 1 (1981)). Therefore, a local policy cannot supersede a legislative dictate.

Finally, Greene County's plan is at odds with the general policy behind our sentencing code to provide for individualized sentencing since it predetermines that all DUI offenders are ineligible for IPP. *See Commonwealth v. Walls,* 592 Pa. 557, 926 A.2d 957, 966 (2007). Thus, we hold that the trial court committed an error of law in applying that policy to determine Appellant's eligibility for an IPP sentence.[8] We write further, however, to note that our holding does not require, on remand, that the trial court sentence Appellant to an IPP sentence; rather, the sentencing court should carefully consider the relevant criteria for IPP, the circumstances of Appellant's case, and whether Appellant would benefit from an IPP sentence.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

---

6. Since the decision in *Syno,* the legislature has amended the relevant statute. These amendments, however, have not altered the substance of the holding in that case.

7. The Act defines "Court" as "The trial judge exercising sentencing jurisdiction over an *eligible offender under this chapter.* Trial judge may include a magisterial district judge if use of intermediate punishment programs by the minor judiciary is approved by the court of common pleas via administrative order or local rule." 42 Pa.C.S. § 9802 (emphasis added).

8. Our decision today should not be read to foreclose Greene County from providing programs that would serve to benefit DUI defendants and the community by delineating which type of IPP programs a DUI defendant is eligible for in that county. For example, Greene County may determine that house arrest with electronic monitoring is inappropriate for DUI offenders subject to an IPP sentence.