**COMMONWEALTH of Pennsylvania,**
**Appellant**

v.

**James JURCZAK, Appellee.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 2014.
Filed Feb. 21, 2014.

John P. Friedman, Assistant District Attorney, Waynesburg, for Commonwealth, appellant.

David F. Pollock, Waynesburg, for appellee.

BEFORE: BOWES, ALLEN, and MUSMANNO, JJ.

OPINION BY ALLEN, J.:

The Commonwealth appeals from the judgment of sentence imposed after a jury found Appellee, James Jurczak ("Jurczak"), guilty of driving under the influence of alcohol and a drug or combination of drugs to a degree that impaired his ability to safely drive, 75 Pa.C.S.A. § 3802(d)(3); one count of possession of a small amount of marijuana, 35 P.S. § 780–113(a)(31)(i); and one count of possession of drug paraphernalia 35 P.S. § 780–112(a)(32). Additionally, the trial court found Appellant guilty of violating 75 Pa.C.S.A. § 3323(b), relating to stop signs and yield signs. We affirm.

The pertinent facts are as follows: On March 6, 2011, Trooper John Pash of the Pennsylvania State Police observed Jurczak, who was driving east on Clarksville Road, fail to stop at a stop sign. Affidavit of Probable Cause, 5/17/11, at 1. Trooper Pash followed Jurczak's vehicle and observed it cross the fog line three times and the double yellow line three times. *Id.* Jurczak activated a left turn signal on his vehicle at a traffic light, but failed to turn. *Id.* Trooper Pash stopped Jurczak's vehicle and upon approaching Jurczak, detected the odor of alcohol and observed that Jurczak's eyes were bloodshot and his speech was slurred. *Id.* Trooper Pash asked Jurczak to exit his vehicle, and conducted a pat down of Jurczak's outer clothing, during which he felt an object that he suspected was a marijuana pipe in Jurczak's pocket. Trooper Pash removed the object, which was a marijuana pipe with burnt marijuana inside it. Trooper Pash asked Jurczak to perform a breathalyzer test but Jurczak refused. Trooper Pash conducted a field sobriety test which Jurczak failed. *Id.* Jurczak was arrested and charged with the aforementioned crimes. *Id.*

A jury trial commenced on February 19, 2013, at the conclusion of which Jurczak was convicted. On June 5, 2013, the trial court sentenced Jurczak to 100 hours of community service, fines totaling $1725, and one year of County Intermediate Punishment ("CIP") to be served as ninety days of house arrest with GPS and alcohol monitoring, followed by nine months of probation. Trial Court Order, 6/5/13, at 6. In addition, the trial court found Jurczak eligible for work release while on house arrest, and granted Jurczak furloughs as reasonably necessary to transport his disabled child to medical and/or mental health appointments and services. *Id.*

The Commonwealth filed a post-sentence motion on June 10, 2013, asserting that the sentence did not comply with the requirements of the Greene County Intermediate Punishment statutes or the Sentencing Code. The trial court denied the Commonwealth's motion on June 17, 2013. This appeal followed. The trial court directed the Commonwealth to file a Pa. R.A.P. 1925(b) concise statement of errors complained of on appeal, and the Commonwealth complied. On August 19, 2013, the trial court entered an opinion pursuant to Pa.R.A.P. 1925(a).

The Commonwealth presents one issue for our review:

I. DID THE SENTENCING COURT ERR IN FINDING THAT THE GREENE COUNTY INTERMEDIATE PUNISHMENT PLAN, WHICH AUTHORIZED ELECTRONIC HOME MONITORING (AS ONE OF THREE QUALIFIED RESTRICTIVE INTERMEDIATE PUNISHMENT PROGRAMS) FOR DUI SENTENCES ONLY AFTER ONE–THIRD (1/3) OF THE MANDATORY MINIMUM SENTENCE IS SERVED AS INCARCERATION, VIOLATED STATUTE AND, THUS, ERRED IN SENTENCING [JURCZAK] TO A TERM OF 90 DAYS ELECTRONIC HOME MONITORING AS A COUNTY IP SENTENCE WHICH WAS NOT AUTHORIZED BY THE IP PLAN?

Commonwealth Brief at 10.

██ The Commonwealth asserts that the sentences imposed by the trial court were illegal. Commonwealth Brief at 12–25. "The scope and standard of review in determining the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law." *Commonwealth v. Leverette*, 911 A.2d 998, 1001–1002 (Pa.Super.2006) (citations omitted).

Here, the Commonwealth argues that the trial court's sentence did not conform to the requirements of the Greene County Intermediate Punishment Plan, which was implemented pursuant to the County Intermediate Punishment Act, 42 Pa.C.S.A. § 9801 *et seq.*

Section 9721 of the Pennsylvania Sentencing Code sets forth general sentencing alternatives, and provides in pertinent part:

(a) General rule.—In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

(6) **County intermediate punishment.**

(7) State intermediate punishment.

42 Pa.C.S.A. § 9721 (emphasis added).

██ County intermediate punishment is a statutorily authorized sentencing alternative pursuant to 42 Pa.C.S.A. § 9721(a)(6). *Commonwealth v. Williams*, 941 A.2d 14, 21 (Pa.Super.2008) (*en banc*). "In adopting [intermediate punishment] as a sentencing alternative, '[t]he Legislature's intent was to give judges another sentencing option which would lie between probation and incarceration with respect to sentencing severity; to provide a more appropriate form of punishment/treatment for certain types of non-violent offenders; to make the offender more accountable to the community; and to help reduce the county jail overcrowding problem while maintaining public safety.'" *Id.* at 24 (citations omitted). "Thus, the grant or denial of a defendant's request for [intermediate punishment] is largely within the sound discretion of the trial court." *Id.*

However, section 9763 of the Sentencing Code and the CIP Act, 42 Pa.C.S.A.

§ 9801 *et seq.*, impose certain restrictions on the sentencing court. In pertinent part, § 9763(c)(1) and § 9804(b)(4)(i) provide that a defendant such as Jurczak who is being sentenced for a first, second or third DUI related offense, may only be sentenced to county intermediate punishment after undergoing a drug and alcohol assessment.

The trial court in its Pa.R.A.P. 1925(a) opinion noted that Jurczak underwent the required drug and alcohol assessment, which reflected that Jurczak was not dependent and needed no further treatment. Trial Court Opinion, 8/19/13, at 4–5.

Where an defendant is found not to be in need of treatment after a drug and alcohol assessment is performed, the Sentencing Code provides:

> (3) If the defendant is determined not to be in need of drug and alcohol treatment, the defendant may only be sentenced to county intermediate punishment in:
>
> (i) house arrest with electronic surveillance;
>
> (ii) partial confinement programs such as work release, work camps and halfway facilities; or
>
> (iii) any combination of the programs set forth in this paragraph.

42 Pa.C.S.A. § 9763(c)(3).[1] The CIP Act contains a similar provision.[2]

In this case, the trial court sentenced Jurczak to a CIP sentence of house arrest with electronic surveillance in accordance with §§ 9763(c)(3)(i) and 9804(b)(4)(iii)(A). The Commonwealth argues that the sentence violates the "Greene County Intermediate Punishment Plan" which provides:

> [A]ny DUI offender with a mandatory sentence of incarceration of more than thirty (30) days *will serve at least one-third (1/3) of the mandatory as total confinement before becoming eligible for home electronic monitoring.*

Greene County Intermediate Punishment Plan, Section 5 (emphasis added).

In fashioning its sentence, the trial court concluded that the Greene County Intermediate Plan, which required Jurczak to serve at least one-third of the mandatory sentence in total confinement, was inconsistent with the Sentencing Code, which required the trial court to impose a CIP sentence of either house arrest, partial confinement, or some combination thereof, and did not mandate a sentence of total confinement for defendants such as Jurczak. *See* § 9763(c)(3)(i) and 9804(b)(4)(iii)(A), *supra.*

The Commonwealth claims that each county is authorized to develop its own CIP plan under the Sentencing Code. Accordingly, the Commonwealth argues that the Greene County CIP plan, which limits the option of house arrest with electronic monitoring to DUI offenders who have served one-third of their mandatory sentence, comports with the intent of the legislature to permit counties to formulate individual CIP plans.

---

1. Notwithstanding the mandatory sentencing provisions of the DUI statute, *see* 75 Pa.C.S.A. § 3804, the Sentencing Code permits a sentencing court to sentence a qualified eligible offender to county intermediate punishment. *Commonwealth v. Williams, supra.*

2. The CIP Act provides:

   If the defendant is determined not to be in need of drug and alcohol treatment ... the defendant may only be sentenced to a county intermediate punishment program in:
   (A) house arrest with electronic surveillance;
   (B) partial confinement programs such as work release, work camps and halfway facilities; or
   (C) any combination of the programs set forth in this paragraph.
   9804(b)(4)(iii).

Before we address the merits of the Commonwealth's claim, we will provide a brief overview of county intermediate punishment programs. Pursuant to the CIP Act, the appropriate county prison board, Criminal Justice Coordinating Commission, or specially established CIP board "may develop a county intermediate punishment plan to be submitted to the Pennsylvania Commission on Crime and Delinquency" for approval. 42 Pa.C.S.A. §§ 9802, 9804(a), 9805(c), 9806. The county board has certain powers and duties enumerated in § 9805(d), which include the power to "adopt a county intermediate punishment plan, including program policies for administration". 42 Pa.C.S.A. § 9805(c).

In authorizing the board to create such a CIP plan "which describes a proposed intermediate punishment program", the CIP Act does not authorize the board to create its own eligibility requirements for admission into a CIP program. 42 Pa.C.S.A. §§ 9802, 9805(d)(3). Rather, the CIP Act expressly provides that "no person other than the eligible offender shall be sentenced to a county intermediate punishment plan." 42 Pa.C.S.A. § 9804(b)(1)(i).[3]

In its definition of eligible offenders, the CIP Act does not exclude DUI offenders such as Jurczak. Rather, as previously explained, DUI offenders are eligible for CIP, but are required to undergo a drug and alcohol assessment. Sections 9763(c)(3) and 9804(b)(4)(iii) provide that

an eligible DUI offender such as Jurczak, who is found not to be in need of drug and alcohol treatment, "may only be sentenced to a county intermediate punishment program in: [1] house arrest with electronic surveillance; [2] partial confinement programs such as work release, work camps and halfway facilities; or [3] any combination of the programs set forth in this paragraph." Thus, sections 9763(c)(3) and 9804(b)(4)(iii) expressly limit the possible sentences for an eligible offender such as Jurczak to these three enumerated options. The trial court sentenced Jurczak to house arrest with electronic monitoring, which is one of the options enumerated in § 9763(c)(3) and § 9804(b)(4)(iii). We find no error in the trial court's sentence.

Although the Greene County Intermediate Punishment Plan attempts to preclude Jurczak from entry into the CIP house arrest program until he has served one-third of his mandatory sentence in total confinement, such requirement conflicts with the express statutory provisions of the Sentencing Code. See 9763(c)(3) and § 9804(b)(4)(iii). Nowhere in the statute does it state that an eligible defendant such as Jurczak is required to serve a sentence of total confinement before becoming eligible for CIP.

Rather, the statute restricts the intermediate punishment options for such DUI offenders to: (1) house arrest with electronic surveillance, (2) partial confinement,

---

**3.** The term "eligible offender" is defined:

"**Eligible offender.**" Subject to section 9721(a.1) (relating to sentencing generally), a person convicted of an offense who would otherwise be sentenced to a county correctional facility, who does not demonstrate a present or past pattern of violent behavior and who would otherwise be sentenced to partial confinement pursuant to section 9724 (relating to partial confinement) or total confinement pursuant to section 9725 (relating to total confinement). . . .

42 Pa.C.S.A. § 9802. The term "eligible offender" under the CIP Act excludes offenders who have been convicted or adjudicated delinquent of a crime requiring registration under Subchapter H of Chapter 97 (relating to registration of sexual offenders) or with prior convictions within the past ten years for certain enumerated offenses, none of which are applicable here.

or (3) some combination thereof. Thus, the provision of the Greene County Intermediate Plan—which attempts to restrict Jurczak's eligibility for entry into the CIP program, and require his imprisonment—is contrary to the clear wording of the Sentencing Code and would result in an illegal sentence. *See Commonwealth v. Syno,* 791 A.2d 363, 366 (Pa.Super.2002) (holding that the Sentencing Code defines what an "eligible offender" is, and the County Probation Department had no authority under the CIP Act to exclude the defendant from participation in a CIP program since "nowhere in the statute does it state that the eligibility of a defendant is to be determined by the County Adult Probation Department" and "there is no statutory provision that empowers the County Adult Probation Department with the authority to grant or deny alternative sentencing to a defendant, as this determination is within the sound discretion of the trial court pursuant to 42 Pa.C.S.A. § 9721(a) and 9756(c.1.)"); *Commonwealth v. DiMauro,* 434 Pa.Super. 129, 642 A.2d 507 (1994) (where defendant who pled guilty to aggravated assault was sentenced to house arrest with electronic monitoring, we held that because 42 Pa.C.S.A. § 9763 clearly excludes those convicted of aggravated assault from being eligible for a sentence of intermediate punishment, the defendant's sentence, which was in contravention of § 9763, was illegal); 42 Pa. C.S.A. § 9725 (granting the sentencing court the discretion to impose a sentence of total confinement if it is of the opinion that the total confinement of the defendant is necessary).

In *Commonwealth v. Sarapa,* 13 A.3d 961 (Pa.Super.2011), this Court addressed the CIP Act eligibility requirements with regard to DUI offenders. In *Sarapa,* the defendant was found guilty of DUI and was eligible for county intermediate punishment. However, the Greene County intermediate punishment program plan precluded all defendants convicted of DUI from being eligible for county intermediate punishment. A panel of this Court explained in *Sarapa* that the CIP Act "does not empower a county to redefine an eligible offender and bar an entire class of defendants from [county intermediate punishment]." *Sarapa,* 13 A.3d at 967–968. We explained:

> Certainly, one of the principal purposes behind the Act was to target drug and alcohol offenders and provide a means of rehabilitating those offenders while at the same time alleviating prison population issues. To permit a county to preclude all DUI offenders from a program that the legislature specifically created with such defendants in mind would contravene the purpose of that legislation. Moreover, local ordinances and local rules are subordinate to legislative enactments.
>
> \*       \*       \*
>
> Finally, Greene County's plan is at odds with the general policy behind our sentencing code to provide for individualized sentencing since it predetermines that all DUI offenders are ineligible for [the intermediate punishment program].

*Sarapa,* 13 A.3d at 967–968 (citations omitted).

Here, as in *Sarapa,* the Green County Intermediate Punishment Plan, precluding DUI offenders such as Jurczak from receiving a CIP sentence of house arrest until a period of total confinement is served, is at odds with the CIP Act which contains no such provision, but provides that such offenders are eligible for a sentence of house arrest and electronic monitoring.

We recognize that in *Sarapa,* this Court, in *dicta,* indicated that Greene County was not "foreclosed[d] from providing pro-

grams that would serve to benefit DUI defendants and the community by delineating which type of intermediate punishment programs a DUI defendant is eligible for in that county. For example, Greene County may determine that house arrest with electronic monitoring is inappropriate for DUI offenders subject to an [intermediate punishment] sentence." *Sarapa,* 13 A.3d at 968, n. 8. We note, however, that in creating such county intermediate program plans, every county is nevertheless restricted by the eligibility requirements of the Sentencing Code. In the present case, there is no statutory authority within the Sentencing Code empowering Greene County to require offenders to undergo total confinement before becoming eligible for county intermediate punishment. *See Leverette, supra* ("if no statutory authorization exists for a particular sentence, that sentence is illegal").

The Commonwealth argues that our decision in *Commonwealth v. Arest,* 734 A.2d 910 (Pa.Super.1999) *(en banc)*, required the trial court in this case to comply with the terms of the Greene County Intermediate Punishment Plan and sentence Jurczak to total confinement before he could receive a CIP sentence of house arrest with electronic monitoring. Commonwealth Brief at 24–26.

In *Arest,* the defendant was convicted of DUI and sentenced to house arrest with electronic monitoring, but without drug and alcohol treatment. The then-existing version of 42 Pa.C.S.A. § 9763 mandated that a defendant convicted of DUI who was sentenced to an intermediate punishment sentence of house arrest or electronic surveillance must receive drug and alcohol treatment. *See* 42 Pa.C.S.A. § 9763 (pre-amended). Because the defendant's sentence of house arrest did not include drug and alcohol treatment, we held that the sentence was illegal because it was in violation of the express requirements of 42 Pa.C.S.A. § 9763. Contrary to the Commonwealth's assertions, this determination in *Arest* supports our conclusion that a CIP sentence that violates the express requirements of the CIP Act is impermissible.

We additionally noted in *Arest* that section 42 Pa.C.S.A. § 9729(a) (repealed), specified that the trial court had no authority to sentence an offender to CIP unless the county had established an approved intermediate punishment program.[4] In *Arest,* the Philadelphia County Intermediate Punishment Plan provided the option of house arrest with· electronic monitoring, but not for offenders who required drug and alcohol treatment. Because under section 9763 (pre-amended), the defendant, a DUI offender, was required to receive drug and alcohol treatment in order to receive a sentence of house arrest, but the Philadelphia CIP program did not permit house arrest for such DUI offenders who required drug and alcohol treatment, we concluded that the defendant's sentence violated section 9729(a).

Here, the Commonwealth argues that in Greene County, a CIP sentence of house arrest is not available until a sentence of total confinement is served, and the trial court should have complied with the Greene County requirements. Commonwealth Brief at 24–25. However, in *Sarapa,* we made clear that the CIP plan in *Arest* "did not alter the eligibility requirements of defendants. Instead, it delineated several options open to qualified defendants." *Sarapa,* 13 A.3d at 964. In the

---

4. The CIP Act has since been amended. *See* 42 Pa.C.S.A. § 9801 *et seq.,* and 42 Pa.C.S.A. § 9763.

present case, the Greene County Intermediate Punishment Plan attempts to alter the eligibility requirements for CIP by requiring Jurczak to serve a sentence of total confinement before he can receive his CIP sentence, which is contrary to the eligibility requirements set forth in §§ 9763(c)(3) and 9804(b)(4)(ii). *See Sarapa, id.* ("this Court did not hold [in *Arest*] that a county plan could bar an otherwise eligible offender from [intermediate punishment]").

Accordingly, we conclude that the Greene County Intermediate Punishment Plan impermissibly attempts to bar an otherwise eligible offender from CIP until he serves a portion of his sentence in total confinement. Because such sentence would contravene the CIP Act, the trial court did not err in declining to follow the Green County Intermediate Punishment Plan. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.