J-S13016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES BAILEY | |
| Appellant | No. 757 WDA 2014 |

Appeal from the Judgment of Sentence April 17, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007997-2013

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 22, 2015**

Appellant, James Bailey, appeals from the April 17, 2014 aggregate judgment of sentence of three to six days' imprisonment, which amounted to time served, plus 60 days' intermediate punishment of house arrest, a $500.00 fine, and $500.00 in restitution, imposed after pleading guilty to accidents involving damage to attended vehicle or property and driving while operating privilege is suspended.[1]  Contemporaneous with this appeal, Appellant's counsel has filed with this Court a petition to withdraw, together with an **Anders**[2] brief, averring the appeal is frivolous.  After careful review,

_____

[1] 75 Pa.C.S.A. §§ 3743(a) and 1543(b)(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

we deny counsel's petition to withdraw, vacate Appellant's judgment of sentence, and remand for further proceedings.[3]

The trial court has recounted the brief procedural history of this case as follows.

> On [April 17, 2014], [Appellant] pled guilty to an Accident with Unattended Vehicle charge and Driving While Operating Privileges Suspended or Revoked …. Th[e trial c]ourt sentenced [Appellant] at Count 1 to 3-6 days['] incarceration, with credit for time served between 1/10/14 and 1/13/14 and parole forthwith, and no further penalty.  At Count 2, [Appellant] was sentenced to sixty (60) days of restrictive intermediate punishment, with releases for work, medical, education and religious purposes as may be applicable, and imposed the mandatory $500[.00] fine and summary court costs.  It must be noted that there was a mandatory minimum period of incarceration of 60 days associated with Count 2. [No post-sentence motions were filed].
>
> [Appellant] was to begin the house arrest portion of his sentence on May 12, 2014.  On May 9, 2014, defense counsel filed the within appeal, as well as an Application for Stay of Sentence, Fines, and Fees Pending Appeal.  Th[e trial c]ourt granted the motion on May 14, 2014 and issued an Order directing [Appellant] to file a Concise Statement of Matters Complained of on Appeal by June 4, 2014. On June 4, 2014, defense counsel filed a Petition for Extension of Time to File Concise Statement of Errors Complained of on Appeal.  That petition was granted by th[e trial c]ourt on June 11, 2014, and [Appellant] was granted an extension to file his Concise Statement by July 11, 2014.

Trial Court Opinion, 9/16/14, at 1-2.

_____

[3] The Commonwealth has elected not to file a brief in this matter.

On July 11, 2014, counsel filed a Statement of Intent to file an *Anders*/*McClendon* brief in accordance with Pennsylvania Rule of Appellate Procedure 1925(c)(4) which states, "[i]n a criminal case, counsel may file of record and serve on the judge a statement of intent to file an *Anders*/*McClendon* brief in lieu of filing a Statement." Thereafter, on September 16, 2014, the trial court filed its Rule 1925(a) opinion asserting Appellant has waived all issues for failing to file a Rule 1925(b) statement. However, as set forth above, counsel's statement of intent to file an *Anders*/*McClendon* brief satisfies the mandates of Rule 1925. Accordingly, we may address the merits of the issues raised in counsel's *Anders* brief.[4]

On appeal, Appellant raises the following issue for our review.

> Whether the [trial] court imposed an illegal sentence at count 2 [75 Pa.C.S. § 1543(b)] in sentencing [Appellant] to 60 days' intermediate punishment, a $500.00 fine, and $500.00 in restitution?

*Anders* Brief at 5.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, we review counsel's *Anders* brief for

_____

[4] Additionally, we note that on December 1, 2014, counsel filed a motion to withdraw pursuant to *Anders*. On that same date, counsel sent a copy of the *Anders* brief to Appellant along with a letter advising Appellant of his right to retain new counsel or proceed *pro se*. Appellant did not file a reply.

compliance with the requirements set forth by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005) and its progeny, counsel must comply with the following obligations to his client.

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to

- 4 -

whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Goodwin***, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004).

Instantly, we are satisfied that counsel has complied with the technical requirements of ***Anders*** and ***Santiago***. First, counsel has provided a procedural and factual summary of the case with references to the record. ***Anders*** Brief at 6-9. Second, counsel advances relevant portions of the record that arguably support Appellant's claims on appeal. ***Id.*** at 12-14. Third, counsel concluded Appellant's appeal is frivolous as "each aspect of the [trial c]ourt's sentence is legal and undersigned counsel is unable to raise any non-frivolous arguments to the contrary." ***Id.*** at 14. Lastly, counsel has complied with the requirements set forth in ***Millisock***, ***supra***. As a result, we proceed with our independent review of the record and the issues presented on Appellant's behalf to ascertain if the appeal is wholly frivolous.

Instantly, Appellant's counsel addresses the legality of Appellant's sentence noting that "Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea." ***Anders*** Brief at 11, *citing* ***Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). As Appellant failed to object to his guilty plea or to file a

motion to withdraw it, any challenge to the validity of Appellant's plea is waived. ***Id.***; ***see also generally*** Pa.R.A.P. 302(a). Accordingly, the only issue Appellant can raise is the legality of his sentence. "A challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction." ***Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Hawkins***, 45 A.3d 1123, 1130 (Pa. Super. 2012) (citation omitted), *appeal denied*, 53 A.3d 756 (Pa. 2012).

Appellant was sentenced to 60 days' intermediate punishment of house arrest, a $500.00 fine, and $500.00 in restitution after pleading guilty to driving while operating privilege is suspended or revoked, in accordance with the following statute.

> **§ 1543. Driving while operating privilege is suspended or revoked**
>
> …
>
> **(b) Certain offenses.--**

(1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 **shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.**

75 Pa.C.S.A. § 1543(b)(1) (emphasis added). Accordingly, there is statutory support for the length of Appellant's sentence and the fine imposed.[5] Further, the trial court did not err in ordering Appellant to pay $500.00 in restitution to the victim for the damage to her vehicle. N.T., 4/17/14, at 9; *see also* 42 Pa.C.S.A. § 9721(c) (stating that the trial court "shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained[]"). However, our inquiry does not end here.

_____

[5] We note that although this is a mandatory minimum sentence, it is not one based on judicial fact-finding, but rather is required by the fact of conviction. Therefore, this statute is not affected by ***Alleyne v. United States***, 133 S. Ct. 2151 (2013) or ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) (*en banc*).

Generally, trial courts are prohibited from converting a sentence of incarceration to intermediate punishment when a mandatory minimum sentence is at issue. 42 Pa.C.S.A. § 9721(a.1). However, a sentence of intermediate punishment may be imposed in place of imprisonment only if the appellant has undergone a drug and alcohol assessment pursuant to 75 Pa.C.S.A. § 3814. **See** 42 Pa.C.S.A. § 9763(c)(1) (stating "[a]ny person receiving a penalty imposed pursuant to 75 Pa.C.S. § 1543(b) … may only be sentenced to county intermediate punishment after undergoing an assessment under 75 Pa.C.S. § 3814[]"). Instantly, the record is devoid of any evidence of Appellant being ordered to undergo such an assessment. Accordingly, the trial court's sentence of house arrest is an illegal sentence which must be vacated. **See Commonwealth v. Arest**, 734 A.2d 910, 913 (Pa. Super. 1999) (*en banc*) (concluding, under a prior version of Section 9763, that the trial court imposed an illegal sentence of intermediate punishment house arrest without ordering drug and alcohol treatment); **Rivera**, **supra**. Upon remand, the trial court shall either correct the sentence in accordance with Section 1543(b) or order an assessment in accordance with Section 9763(c)(1), in order to impose a sentence of intermediate punishment.

Therefore, for the reasons discussed above, our independent review of the record leads us to conclude that Appellant's appeal is not wholly frivolous. Accordingly, we deny counsel's petition to withdraw, vacate

Appellant's judgment of sentence, and remand for proceedings, consistent with this memorandum.

Judgment of sentence vacated. Case remanded. Petition to withdraw as counsel denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2015