J-S69045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERALD F. DEARIE | |
| Appellant | No. 1110 EDA 2014 |

Appeal from the Judgment of Sentence entered March 5, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0005678-2009

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

JUDGMENT ORDER BY STABILE, J.:          **FILED DECEMBER 04, 2014**

In 2009, Appellant, Gerald F. Dearie, was sentenced to 10 to 23 months in jail followed by 36 months of probation for robbery.[1]  After his jail sentence expired, Appellant violated his probation.  Even though he had served his entire, original period of incarceration, the trial court recommitted Appellant to serve back time for supposedly violating his parole.[2]  Appellant argues, the Commonwealth agrees, and the trial court admits, that the sentence is illegal.  Therefore, we vacate and remand for resentencing.

_____

[1] 18 Pa.C.S.A. § 3701.

[2] The trial court also revoked Appellant's probation and imposed a new sentence of 12 to 36 months in prison.

"If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Jurczak*, 86 A.3d 265, 267 (Pa. Super. 2014). A court sitting as a parole authority may only recommit the parole violator to serve the remainder of his sentence, and cannot impose a new sentence. *Commonwealth v. Galletta*, 864 A.2d 532, 538 (Pa. Super. 2004); *see* 42 Pa.C.S.A. § 9776(e). It follows that a court cannot recommit an offender to serve an already-served sentence.

Here, Appellant's violation occurred after his jail sentence expired. He could not have violated parole from a sentence that he already served. Recognizing its error, the trial court requests this Court to vacate Appellant's sentence. The Commonwealth joins in that request. The trial court also asks that we remand for resentencing, averring that vacating the parole-violation sentence will disturb its sentencing scheme. *See*, *e.g.*, *Commonwealth v. Serrano*, 61 A.3d 279, 287-88 (Pa. Super. 2013) (noting remand is required if partially vacating a sentence upsets the trial court's sentencing scheme). As the trial court's request is unopposed, we vacate and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/2014