J-A22028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL JOHN BIRD, | : | |
| | : | |
| Appellant | : | No. 2100 MDA 2013 |

Appeal from the Judgment of Sentence Entered October 25, 2013,
In the Court of Common Pleas of Lancaster County,
Criminal Division, at No. CP-36-CR-0004371-2012.

BEFORE:  PANELLA, SHOGAN, and FITZGERALD[*], JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 23, 2016**

Appellant, Michael John Bird, appeals from the judgment of sentence entered following his conviction of two counts of indecent assault.  We vacate the judgment of sentence in part and remand for imposition of a twenty-five-year period of registration under SORNA.[1]

The trial court summarized the history of this case as follows:

> On or about April 20, 2012, [Appellant] was charged with [one count each] of indecent assault under 18 Pa.C.S. § 3126(a)(1) contact without the complainant's consent and [18 Pa.C.S.] § 3126(a)(4) contact where the complainant is unconscious or the person knows the complainant was unaware the contact was occurring.  These charges arise out of a single

---

[*]  Former Justice specially assigned to the Superior Court.

[1] Sex Offender Registration and Notification Act, 42 Pa.C.S. §§ 9799.10-9799.41.

incident that transpired on September 16, 2011. On that date, [Appellant] cut the pants and underwear off [of] J.A. . . . while she was sleeping.

An offense under § [3126(a)(1)] is classified as a Tier I sexual offense requiring a fifteen (15) year registration period. *See* 42 Pa.C.S. § 9799.14(b); *see also* 42 Pa.C.S. §9799.15(a)(1). An offense under § [3126(a)(4)] is classified as a Tier II sexual offense and requires a twenty-five (25) year registration period. *See* 42 Pa.C.S. § 9799.14(c); *see also* 42 Pa.C.S. §9799.15(a)(2). If a person receives a conviction on two or more Tier I or Tier II offenses, that person is classified as a Tier III sexual offender and lifetime registration is required. *See* 42 Pa.C.S. § 9799.14(d)(16); *see also* 42 Pa.C.S. §9799.15(a)(3).

On April 9, 2013, the court ordered a pre-sentence investigation upon [Appellant's] entering of an open guilty plea on the above counts. The court further ordered [Appellant] be evaluated by the Sexual Offenders Assessment Board ("Board"). The Board determined that [Appellant] did not meet the criteria of a sexually violent predator [("SVP")].

On July 30, 2013, [Appellant] received the following sentences:

[Indecent Assault] (§ 3126(a)(4); misdemeanor 1) 4 to 12 months incarceration + 4 years [of] probation

[Indecent Assault] (§ 3126(a)(4); misdemeanor 2) 2 years [of] probation consecutive to count 1

The total period of supervision totaled seven (7) years, and [Appellant] was classified as a Tier III sexual offender requiring lifetime registration.

Trial Court Opinion, 10/24/13, at 1-2.

Appellant filed a timely post-sentence motion on August 9, 2013, arguing that the imposition of separate sentences was illegal because the

convictions merged for sentencing purposes and that the trial court erred in classifying Appellant as a Tier III SORNA offender instead of a Tier II offender.[2] On September 10, 2013, the trial court entered an order vacating the sentence of July 30, 2013, and indicating that resentencing was scheduled for October 25, 2013.

On October 25, 2013, the trial court sentenced Appellant to a term of incarceration of five to twelve months, to be followed by a consecutive term of probation of four years on the indecent assault conviction at 18 Pa.C.S. § 3126(a)(4). Also on that date, the trial court indicated that it was not changing the imposition of lifetime registration under SORNA. This appeal followed.

---

[2] SORNA has three legislative predecessors: Megan's Law, which our Supreme Court held unconstitutional in 1999 in **Commonwealth v. Williams**, 733 A.2d 593 (Pa. 1999); Megan's Law II, which our Supreme Court found constitutional in part in **Commonwealth v. Williams**, 832 A.2d 962 (Pa. 2003); and Megan's Law III, which took effect in January of 2005. On December 20, 2011, the legislature enacted SORNA, which became effective on December 20, 2012. SORNA requires offenders to register with state police and notify community authorities in the area where they reside. 42 Pa.C.S. § 9799.15. The time period for which a particular offender must register depends on whether the offender has been convicted of a Tier I, Tier II, or Tier III sexual offense. **Id**.

Under SORNA, an individual convicted of a Tier I sexual offense must register as a sex offender for a period of 15 years. 42 Pa.C.S. § 9799.15(a)(1). An individual convicted of a Tier II sexual offense must register as a sex offender for a period of 25 years. 42 Pa.C.S. § 9799.15(a)(2). A Tier III offender must register as a sex offender for life. 42 Pa.C.S. § 9799.15(a)(3). In addition, SORNA defines a Tier III offense as "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses." 42 Pa.C.S. § 9799.14(d)(16).

Appellant presents the following issue for our review:

> DID NOT THE COURT COMMIT AN ERROR OF LAW BY IMPOSING A LIFETIME SEX OFFENDER REGISTRATION PERIOD IN RELIANCE ON THE "TWO OR MORE CONVICTIONS" PROVISION OF THE SORNA STATUTE, 42 Pa.C.S. §9799.14(d)(16), WHEN IN FACT [APPELLANT] WAS PROPERLY CONVICTED OF A SINGLE CRIMINAL OFFENSE THAT WAS DESCRIBED IN THE CHARGING DOCUMENT AS SATISFYING TWO ALTERNATIVE BASES OF CULPABILITY IN THE APPLICABLE OFFENSE DEFINITION?

Appellant's Brief at 6.

Appellant argues that the trial court improperly imposed upon him the lifetime registration requirements of SORNA. Appellant's Brief at 15-38. Appellant concedes that his offense of indecent assault under 18 Pa.C.S. § 3126(a)(4) (occurring when the complainant is unconscious) requires a registration period of twenty-five years. Appellant's Brief at 15. However, of particular importance is Appellant's assertion that the provisions of SORNA's lifetime registration requirement should not apply to him because the offenses for which he was convicted arose from a single act and because he had no prior convictions predating the instant convictions. *Id*. at 35-38. Appellant contends that 42 Pa.C.S. § 9799(d)(16) must be interpreted as embodying a recidivist philosophy requiring that Appellant be convicted for an enumerated offense that antedated the commission of the current offense. *Id*. Based upon recent precedent issued by our Supreme Court, we are compelled to agree.

Issues of statutory interpretation are questions of law. **Commonwealth v. Concordia**, 97 A.3d 366, 373 (Pa. Super. 2014) (citing **Commonwealth v. Sarapa**, 13 A.3d 961 (Pa. Super. 2011)). Accordingly, our standard of review is *de novo* and our scope of review plenary. **Id**.

As previously noted, SORNA established a three-tiered system for classifying sexually violent offenses and provided for corresponding registration periods. Tier I requires registration for fifteen years, Tier II twenty-five years, and Tier III lifetime registration. 42 Pa.C.S. § 9799.15(a)(1)-(3). Relevant to this appeal, indecent assault occurring when the complainant is unconscious under 18 Pa.C.S. § 3126(a)(4), is classified as a Tier II offense. 42 Pa.C.S. § 9799.14(c)(1.3). A conviction of indecent assault under 18 Pa.C.S. § 3126(a)(1), is classified as a Tier I offense. 42 Pa.C.S. § 9799.14(b)(6). However, pertaining to Tier III offenses, 42 Pa.C.S. § 9799.14(d)(16) requires lifetime registration for offenders with "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses." Thus, Appellant had two convictions each falling within either Tier I or Tier II. As such, the trial court concluded that Appellant's two convictions subjected him to lifetime registration under Tier III.

Recently, our Supreme Court issued rulings on the issue presented by Appellant in **A.S. v. Pennsylvania State Police**, ___ A.3d ___, 2016 WL 4273568 (Pa. filed August 15, 2016), and **Commonwealth v. Lutz-**

*Morrison*, ___ A.3d ___, 2016 WL 4273555 (Pa. filed August 15, 2016). We find these two decisions dispositive of the issue presently before us.[3] We are mindful that the Pennsylvania Superior Court "is obliged to follow the precedent as set forth by our Supreme Court." *Commonwealth v. Hayward*, 756 A.2d 23, 38 (Pa. Super. 2000).

In *A.S.*, the appellee was twenty-one years old when he met and engaged in a consensual sexual relationship with a sixteen-year-old girl. *A.S.* ___ A.3d at ___, 2016 WL 4273568 at *2. The minor victim took and transmitted to the appellee sexually explicit photographs of herself. In addition, the appellee photographed the victim and himself engaging in sexual acts. *Id*. The victim's father eventually discovered the photographs on the victim's computer and contacted the police. *Id*.

---

[3] Initially, our Supreme Court deferred briefing in *A.S.* pending its resolution of the same issue in *Commonwealth v. Mielnicki*, 45 MAP 2013. In *Commonwealth v. Mielnicki*, 53 A.3d 930, 721 EDA 2011 (Pa. Super. filed June 13, 2012) (unpublished memorandum), a panel of this Court found no merit to the appellant's issue that Megan's Law II's lifetime registration requirement should not apply where the offenses and convictions arose from a single proceeding and where the appellant had no prior convictions predating the instant offenses. On July 2, 2013, our Supreme Court granted the appellant's request for allowance of appeal, *Commonwealth v. Mielnicki*, 71 A.3d 245 (Pa. 2013), and heard oral argument on March 11, 2014. However, on December 15, 2014, our Supreme Court issued an order dismissing the appeal as having been improvidently granted. *Commonwealth v. Mielnicki*, 105 A.3d 1256 (Pa. 2014). Subsequently, the appeal in *A.S.* proceeded before our Supreme Court. In the instant matter, the Commonwealth suggested to stay the decision in this appeal "pending the ultimate decision" of our Supreme Court on the issue. Commonwealth's Brief at 8.

In December of 2000, a criminal complaint was filed in Montgomery County charging the appellee, a first-time offender, with seven counts of sexual abuse of children for photographing sexual acts, twenty counts of sexual abuse of children for possessing child pornography, and one count each of unlawful contact with a minor, corruption of minors, and criminal solicitation. *Id*. at *2. On October 5, 2001, the appellee entered an open guilty plea to single counts of sexual abuse of children and unlawful contact with a minor—each of which was an enumerated offense for purposes of Megan's Law II reporting under section 9795.1(a)—and corruption of minors, which was not an enumerated offense. *Id*. The remaining charges were withdrawn. *Id*. On February 28, 2002, the appellee was sentenced to concurrent terms of incarceration of five to twenty-three months on the first two counts and a consecutive five-year probationary term for corruption of minors. *Id*. at *3. The appellee also was advised that he was subject to a ten-year registration period under Megan's Law II. In addition, the appellee was found not to be an SVP and not subject to lifetime registration under the provision applicable to SVPs. *Id*.

After the appellee was released from prison in August 2002, he registered as a sex offender with the Pennsylvania State Police ("PSP"). Following completion of his reporting obligation in 2012, the appellee requested the PSP to remove his name from the sexual offender's registry.

*Id*. The PSP refused, claiming that the appellee's plea to both enumerated offenses triggered lifetime registration under section 9795.1(b)(1) because he was "an individual with two or more convictions." *Id*. The appellee then filed a mandamus action in the Commonwealth Court's original jurisdiction. In *A.S. v. Pennsylvania State Police*, 87 A.3d 914 (Pa. Cmwlth. 2014), the Commonwealth Court addressed the issue of whether, pursuant to Megan's Law II, 42 Pa.C.S. § 9795.1, the appellee's two convictions should be treated as a single conviction, warranting a ten-year sex-offender registration, or as two separate convictions, mandating lifetime registration. The Commonwealth Court found in favor of the appellee, and the state police appealed.

On August 15, 2016, our Supreme Court rendered its decision in *A.S.* and affirmed the award of mandamus relief. At the outset of its decision, our Supreme Court held that "the statute, which sets forth a graduated scheme of registration, encompasses a recidivist philosophy." *A.S.*, at *1. Consequently, the Court concluded that "the statute requires an act, a conviction, and a subsequent act to trigger lifetime registration for multiple offenses otherwise triggering a ten-year period of registration." *Id*. at *1, *10.

On the same day, our Supreme Court issued its decision in *Lutz-Morrison* ___ A.3d ___, 2016 WL 4273555. In *Lutz-Morrison*, the police

executed a search warrant for the home in which the twenty-two-year-old appellant lived, and seized four computers and an iPhone. *Id*. at *2. The appellant admitted to downloading child pornography, and he was charged with seventy-seven counts of sexual abuse of children for his possession of the child pornography, in violation of 18 Pa.C.S. § 6312(d). *Id*. Ultimately, the appellant entered an open guilty plea to three counts of possession of child pornography, and the remaining counts were withdrawn. The appellant was sentenced to consecutive one-year terms of probation on each count. *Id*. The trial court notified the appellant that his convictions subjected him to lifetime registration under SORNA as a Tier III offender. The trial court determined that the "two or more convictions of offenses" necessary to trigger lifetime registration under 42 Pa.C.S. § 9799.14(d)(16) may arise from the same criminal information. *Id*. On appeal, a panel of this Court affirmed the trial court's decision, and our Supreme Court granted allowance of appeal. ***Commonwealth v. Lutz-Morrison***, 107 A.3d 230, 1659 MDA 2013 (Pa. Super. Sept. 18, 2014) (unpublished memorandum), *appeal granted*, 112 A.3d 1209 (Pa. 2015).

As our Supreme Court explained, the issue presented was "similar to the issue posed in ***A.S. v. Pa. State Police***." ***Lutz-Morrison***, ____ A.3d at ____, 2016 WL 4273555 at *1. The Court stated that "***A.S.*** involved the proper construction of the lifetime-registration triggering language 'two or

more convictions' in Megan's Law II, Pennsylvania's former sex offender registration statute." *Id*. The Court acknowledged that the appeal in *Lutz-Morrison* "concerns nearly identical triggering language brought over into Section 9799.14" of SORNA. *Id*.

In reversing the decision of the Superior Court and remanding for the imposition of a fifteen-year reporting period under SORNA, the Court in *Lutz-Morrison* stated that its resolution was controlled by its decision in *A.S. Lutz-Morrison*, ___ A.3d at ___, 2016 WL 4273555 at *2. The Court stated:

> [W]e hold that [SORNA's] Section 9799.14, considered in the context of the statutory language as a whole, is susceptible to two reasonable constructions, and **the statute**, which sets forth a graduated (three-tier) scheme of registration, **encompasses a recidivist philosophy**. As such, **the statute requires an act, a conviction, and a subsequent act** to trigger lifetime registration for multiple offenses otherwise subject to a fifteen- or twenty-five-year period of registration.

*Id*. (emphases added). Our Supreme Court then reversed this Court's order affirming the decision of the trial court and remanded for the "imposition of a fifteen-year reporting requirement under SORNA." *Id*.

Upon review of the certified record, we conclude that Appellant's issue is controlled by our Supreme Court's decisions in *A.S.* and *Lutz-Morrison*. As noted, Appellant pled guilty to two charges of indecent assault related to a single incident in which he used scissors to cut the jeans and underwear off of a sleeping woman. Specifically, Appellant pled guilty at count one to

indecent assault under 18 Pa.C.S. § 3126(a)(4), which involves the complainant being "unconscious," as the victim was sleeping at the time of the offense. He also pled guilty to indecent assault at count two under 18 Pa.C.S. § 3126(a)(1), which involves an offense committed "without the complainant's consent." Prior to Appellant's sentencing, SORNA was enacted. The conviction under count one is a Tier II offense pursuant to SORNA and requires a twenty-five-year registration. The conviction under count two is a Tier I offense under SORNA and requires a fifteen-year registration. The trial court concluded that the two separate convictions result in Appellant being classified as a Tier III offender under 42 Pa.C.S. 9799.14(d)(16), which requires lifetime registration.

However, in light of the recent precedential decisions of our Supreme Court in **A.S.** and **Lutz-Morrison**, the statute requires an act, a conviction, and a subsequent act in order to trigger the lifetime registration under 42 Pa.C.S. § 9799.14(d)(16). This was not the case herein because both of Appellant's convictions stem from the same act. Accordingly, we are compelled to vacate the portion of the judgment of sentence relating to the imposition of a lifetime registration under SORNA, and remand for imposition of a twenty-five-year reporting period as required under SORNA.

Judgment of sentence vacated in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016