J-A21013-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LARRY MAZE, | |
| Appellant | No. 893 WDA 2016 |

Appeal from the Judgment of Sentence Entered May 3, 2016
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s):
CP-33-CR-0000266-2014
CP-33-CR-0000599-2014
CP-33-CR-0000600-2014

BEFORE:  BENDER, P.J.E., OLSON, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:        FILED  NOVEMBER 20, 2017

Appellant, Larry Maze, appeals from the aggregate judgment of sentence of 86-270 years' incarceration, imposed following his conviction for numerous sexual offenses.   After careful review, we determine that both of Appellant's claims have been waived.  However, for the reasons stated infra, we reverse the order of the trial court designating Appellant as a sexually violent predator (SVP).

Given the nature of our disposition in this case, a detailed factual summary is unnecessary.  Briefly, Appellant was accused of numerous sex crimes against three girls who were 12-13 years old at the time of Appellant's crimes.   Appellant's conduct included groping and similar forms

of molestation, as well as solicitation over social media for sexual contact with one of the minors.

For these acts, the Commonwealth charged Appellant in the three above-captioned case numbers, one for each of the victims. At CP-33-CR-0000266-2014 (266), the Commonwealth charged Appellant with fifteen counts, including twelve counts of criminal solicitation of Chapter 31 offenses,[1] 18 Pa.C.S. § 902(a); as well as single counts of corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii); unlawful contact with a minor, 18 Pa.C.S. § 6318(a)(1); and indecent assault, 18 Pa.C.S. § 3126(a)(7). At CP-33-CR-0000599-2014 (599), the Commonwealth charged Appellant with corruption of minors, unlawful contact with a minor, and three counts of indecent assault (pursuant to subsection (a)(8)). At CP-33-C-0000600-2014 (600), the Commonwealth charged Appellant with corruption of minors, unlawful contact with a minor, and six counts of indecent assault (pursuant to subsection (a)(7)).

Cases 266, 599, and 600 were consolidated for a single jury trial, which began on June 15, 2015. On June 16, 2015, the jury returned a

_____

[1] Chapter 31 of Title 18 of the Crimes Code governs sexual offenses. The crimes which were the target of these solicitation offenses are: rape of a child, 18 Pa.C.S. § 3121(c); statutory sexual assault, 18 Pa.C.S. § 3122.1; involuntary deviate sexual intercourse (two counts), 18 Pa.C.S. § 3123; unlawful contact with a minor (3 counts), 18 Pa.C.S. § 6318; corruption of minors (3 counts), 18 Pa.C.S. § 6301; and indecent assault (2 counts), 18 Pa.C.S. § 3126.

verdict of guilty on all counts. A bifurcated SVP hearing occurred on December 11, 2015, and May 3, 2016, following which the trial court determined that Appellant is an SVP. Appellant was also sentenced on May 3, 2016, to an aggregate term of 86-270 years' incarceration. Appellant filed a timely post-sentence motion on May 13, 2016, which was denied by the trial court on May 17, 2016. Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on January 25, 2017.

Appellant now presents the following questions for our review:

> I. Should the Commonwealth have been permitted to perform a time-consuming skit during its case in chief, which was a re-enactment of a transcript of an alleged Facebook conversation between Appellant and one of the alleged victims[,] and done to get an emotional response [from] the jury, when it was the only supporting evidence that a crime occurred and its probative value was outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence?
>
> II. Should the case be remanded for resentencing in light of the fact that the sentence, the legal equivalent to a sentence of life without parole, is excessive considering that Appellant, who had a clean criminal record for 19 years prior to the underlying offenses and never a prior sex offense in his life, was found guilty of offenses which involved no penetration of any kind and little actual physical contact with any of the victims?

Appellant's Brief at 5.

Appellant's first claim is a challenge to the trial court's discretion as to the presentation of evidence, with regard to the manner by which

Appellant's inculpatory Facebook conversation with one of the victims was presented to the jury. Appellant argues that the prejudicial effect of the manner of presentation of this evidence outweighed its probative value. The trial court explains:

> [Appellant] faults the court for "allowing the Commonwealth to perform a very time[-]consuming skit" to relay to the jury conversations he had with his oldest victim, B.P., on Facebook. The way it actually happened, though, was far different than the way he characterizes it[,] and was no more prejudicial than the alternative of having the jurors read the messages silently to themselves.
>
> By the time Chief Troy Bell testified, the jury had already heard from B.P. that she and [Appellant] had messaged one another privately on Facebook, that he sometimes asked her inappropriate questions through that venue, and that the messages in the Commonwealth's possession were accurate depictions of those conversations. When the district attorney later sought to publish their content to the jury, he asked permission to have Chief Bell read [Appellant]'s messages and his secretary, Sarah Neal, read B.P.'s messages. [Appellant] preferred that the jurors read the messages for themselves, but the [c]ourt overruled the objection. Thereafter, Chief Bell and Ms. Neal began reading the messages precisely as [Appellant] and his victim had written them. Neither reader attempted to dramatize the messages, and the district attorney only interjected to ask Chief Bell whether some of them coincided with other evidence the jury had already heard.

Trial Court Opinion, 1/25/17, at 1.

The Commonwealth argues that Appellant waived this claim by failing to object with any degree of specificity at trial. We agree. As noted by the trial court above, the substance of the evidence in question had already been admitted into evidence without objection. While defense counsel did

object to the manner of presentation, the grounds for his objection were vague:

> THE COURT: Mr. White [Appellant's counsel], any objection to that?
>
> MR. WHITE: Other than that I think the jury can read it on their own. It's admitted into evidence. This would be for [effect], Your Honor.

N.T., 6/15/15, at 190.[2] Now, on appeal, Appellant claims that the manner of presentation of this evidence presented a "danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" under Pa.R.E. 403. Appellant's Brief at 10.

Pa.R.E. 103(a) states, in pertinent part, as follows:

> (a) Preserving a Claim of Error. A party may claim error in a ruling to admit or exclude evidence only:
>
>> (1) if the ruling admits evidence, a party, on the record:
>>
>>> (A) makes a timely objection, motion to strike, or motion in limine; and
>>>
>>> (B) states the specific ground, unless it was apparent from the context;

Pa.R.E. 103(a) (emphasis added).

_____

[2] The transcript indicates that the bracketed phrase actually read, "a fact." Id. We afford counsel the benefit of the doubt and assume he meant or actually said "for effect" for the purposes of our analysis, even though he makes no attempt in Appellant's brief to correct the record.

Here, trial counsel clearly did not state the specific ground for his objection, especially in light of the claim(s) he now makes on appeal. Accordingly, we deem Appellant's first issue waived on that basis. See King v. Pulaski, 710 A.2d 1200, 1202–03 (Pa. Super. 1998) ("It is well-settled that, in order for a claim of error to be preserved for appellate review, a party must make a timely and specific objection before the trial court at the appropriate stage of the proceedings.") (emphasis added).

Alternatively, we would also deem Appellant's issue waived by appellate counsel due to the failure to adequately develop this claim in the argument portion of Appellant's brief. See Commonwealth v. Rodgers, 605 A.2d 1228, 1239 (Pa. Super. 1992) ("We must deem an issue [waived] where it has been identified on appeal but not properly developed in the appellant's brief."). Other than Appellant's brief mention of Pa.R.E. 403, he provides virtually no analysis of this claim in the single page of argument provided. Appellant's counsel writes that the manner of presentation of the Facebook evidence created a "danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence[,]" which is a direct quotation from Pa.R.E. 403, but then he provides no analysis, much less citation to relevant case law, to demonstrate or explain how those Rule 403 factors applied to the presentation of the evidence in question. Accordingly, if this matter had not already been waived in the first instance, we would also find that it has been

waived by counsel's failure to adequately develop the claim in Appellant's brief.

Next, Appellant challenges the imposed sentence as being unduly excessive.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Hoch, 936 A.2d 515, 517–18 (Pa. Super. 2007) (citation omitted).

However,

> [c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence

- 7 -

imposed. *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003), appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra*, supra at 912-13.

> As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id.*

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

Instantly, although appellate counsel provides what appears to be a Rule 2119(f) statement in Appellant's brief, that statement is virtually the same one-half page argument set forth later in the Argument section of Appellant's brief, in which he baldy asserts that the imposed sentence was "the legal equivalent of [l]ife without [p]arole." Appellant's Brief at 9. There is no effort made therein to "advance[] a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Moury*, supra (quoting *Sierra*). Indeed, there is no citation to any pertinent authorities whatsoever, nor any relevant legal analysis, in either the Rule 2119(f) statement or in the Argument portion of Appellant's brief as it pertains to Appellant's sentencing issue.

It is well settled that "[w]hen a challenge to the discretionary aspect of a sentence is raised, an appellant must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm. Pa.R.A.P. 2119(f)."

Commonwealth v. Sarapa, 13 A.3d 961, 962 (Pa. Super. 2011) (quoting Commonwealth v. Crump, 995 A.2d 1280, 1282 (Pa. Super. 2010)).

Appellate counsel's efforts were so inadequate that he even failed to mention, anywhere in Appellant's brief, what Appellant's aggregate sentence and individual sentences are, let alone where those sentences fall within the guidelines, what provision of the sentencing code was violated by the imposition of sentence, or the manner in which fundamental norms of sentencing were violated. Consequently, we deem Appellant's sentencing issue waived, due to the inadequacy of Appellant's Rule 2119(f) statement, and because the Argument portion of his brief was inadequately developed to permit meaningful review of his sentencing claim. Thus, we have determined that all of the claims presented in Appellant's brief have been waived.[3]

_____

[3] We note that Appellant, writing to this Court pro se on August 1, 2017, recognized many of these defects in his brief, complained that appellate counsel was appointed against his wishes, and sought relief from this Court for those reasons. Appellant's only remedy, however, is to file a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq., and seek reinstatement of his appellate and post-sentence motion rights by alleging appellate counsel's ineffectiveness.

However, we are compelled to sua sponte vacate an illegal aspect of Appellant's sentence, namely, the portion of the sentencing order deeming him an SVP. See Commonwealth v. Butler, No. 1225 WDA 2016, *6 (Pa. Super. filed Oct. 31, 2017) (concluding that the issue discussed, infra, implicates the legality of a defendant's sentence). In Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), our Supreme Court held that the registration requirements under SORNA[4] constitute criminal punishment, thus overturning prior decisions deeming those registration requirements civil in nature. Id. at 1218. On October 31, 2017, this Court ruled that,

> since our Supreme Court has held [in Muniz] that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under Apprendi [v. New Jersey, 530 U.S. 466 (2000),] and Alleyne [v. United States, 133 S.Ct. 2151, 2163 (2013)], a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses[,]" 42 Pa.C.S.[] § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. Section 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny.

Butler, No. 1225 WDA 2016, at *11. Accordingly, the Butler panel held that 42 Pa.C.S. § 9799.24(e)(3) is unconstitutional. Id. at *11-12.

_____

[4] Pennsylvania's Sex Offender Registration and Notification Act.

In light of Butler, we are compelled to conclude that the portion of Appellant's sentencing order deeming him an SVP is illegal. See id. at *12. Accordingly, we vacate only that aspect of Appellant's judgment of sentence, and remand his case for the trial court to determine under what tier of SORNA Appellant must register, and to provide him with the appropriate notice of his registration obligations under 42 Pa.C.S. § 9799.23. See id. at *13.

SVP Order reversed. Judgment of sentence affirmed in all other respects. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2017